PETERSBURG RAILROAD COMPANY v. COMMISSIONERS OF NORTHAMPTON.

*Taxes—Railroad—Exemption in Charter.*

The revenue act of 1874-'75 does not authorize the collection of a tax against a railroad company whose charter exempts its property from taxation, and where the reserved power to alter such charter has not been exercised by the legislature.

CONTROVERSY submitted without action under C. C. P., § 315, and heard at Chambers in Jackson, Northampton County, on the 25th of January, 1877, before *Watts, J.*

The plaintiff company claimed exemption from taxation by reason of the provisions of its charter, and applied for an order restraining the defendant commissioners from collecting the tax assessed under the revenue law of 1875. The court held that the levying and collecting of said tax was in violation of the right conferred by the plaintiff's charter and the several amendments thereto, and granted the order as applied for, perpetually restraining the defendants or their agents from collecting the same. From this judgment the defendants appealed.

*Mr. R. B. Peebles,* for plaintiff.
No counsel in this court for defendants.

ASHE, J. This was a controversy submitted without action, and the question presented for the consideration of the court is, was the Petersburg railroad company liable to a tax to the state for that part of the road lying in the county of Northamptom under the revenue law of 1874–'75.

The Petersburg railroad company was incorporated by an act of the legislature of this state, ratified on the ... day of ........., 1830, entitled an act to enact with sundry alterations and additions an act entitled an act to incorporate the Petersburg railroad company passed by the legislature of Virginia, on the 10th day of February, A. D. 1830, and an act passed by the legislature of this state in the year 1832, supplementary to an act passed by the legislature of this state in the year 1830 entitled an act to enact with sundry alterations and additions an act entitled an act to incorporate the Petersburg railroad company, passed by the legislature of Virginia on the 10th day of February, 1830.

By said acts the plaintiff was authorized to construct, and

did construct a railroad from Petersburg in the state of Virginia to a point near Weldon in the county of Halifax in this state; and the said road was furnished with the usual works, buildings and appliances on railroads, such as engines, coaches, cars, machines, vehicles, depots, warehouses, &c. About eleven miles of the road lies in the county of Northampton, and the company owns no land in said county but such as is used for warehouses, depots, &c.

The 17th section of the original act of incorporation, assented to and adopted by the legislature of·this state, reads: "And all machines, wagons, vehicles, and carriages, purchased with the funds of the company, and all their works, constructed under the authority of this act, and all profits which shall accrue from the same shall be vested in the respective shareholders of the company forever, in proportion to their respective shares, and the same shall be deemed personal estate and shall be exempt from all public charge or tax whatsoever."

In the year 1876 the defendants caused the entire property of the company lying within the limits of the county of Northampton, including road-bed, iron rails, cross-ties, fixtures, franchise, engines, carriages, land upon which depots and warehouses were built, and all other property of every description belonging to said company, to be assessed, and an *ad valorem* tax for county and state purposes to be levied thereon, and the sheriff of said county had taken steps to collect the same when his action in the matter was restrained by the order in this case.

The order of restraint was properly granted. We are of the opinion that the legislature by the provisions of the 17th section of the above recited act intended to exempt from taxation not only machines, wagons, vehicles, carriages, &c., but under the terms "all their works constructed under the authority of this act," the road bed with its superstructure and all the depots, warehouses and other structures and

büildings with the lands covered by them which are neces-
sary to the operation of the said road.

It is true the legislature of this state in the above recited
act assenting to the Virginia act of incorporation with sun-
dry alterations and additions thereto, did reserve in the 8th
section of said act the right to alter, amend or modify the
act of incorporation so far as it applied to the road in this
state ; but the counsel for the defendant has failed to cite
any act of the legislature of this state, and we have been un-
able to find any, which has amended, altered or modified
the provisions of the 17th section of the charter. The plain-
tiff's property was assessed for taxation by the defendants
under the acts of 1874–'75, chapters 184, 185 ; but we are
unable to see how they could have supposed their authority
to do so was derived from any provisions of either of those
acts. So far from warranting any such construction, we
think the legislature by the provisions of those acts clearly
manifested an intention not to disturb the exemption from
taxation which had been granted the plaintiff in the origi-
nal charter of incorporation. For in the eleventh section
of chapter 184 (the act known as the machinery act) it is
provided that "the value of the franchise of every railroad,
canal, turnpike, plank road, and transportation company,
whether lying wholly or partly in this state, unless exempt
by law from taxation, shall be given in by the president,"
&c. And again in section 2, class II, chapter 185, (being
the act entitled an act to raise revenue) it is enacted : "That
whenever in any law or act of incorporation granted either
under the general law or by special act, since the 4th of
July, one thousand eight hundred and sixty-eight, there is
any limitation of taxation, the same is hereby repealed, and all
the property and effects of such corporations shall be liable
to full taxation like property owned by individuals." From
the provisions of the acts of 1874–'75, chapters 184 and 185,
we think the purpose of the legislature is clear, that they

did not mean to tax any railroad company chartered before the fourth day of July, 1868, whose charter contained any exemption or limitation of taxation.

No error. Affirmed.