*J. M. WORTH, Treasurer, v. PETERSBURG RAILROAD COMPANY.

*Taxation—Railroads—Corporations.*

1. The charter of the defendant company exempts its property from any public charge or tax whatever, and a franchise is property. See *Worth* v. *W. & W. Railroad, ante,* 291.

*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

2. A tax imposed directly by the legislature upon a corporation, or its gross receipts, or the cash value of the shares of its capital stock, or upon each mile of its road at a certain sum per mile, and not assessed by assessors, is a franchise or privilege tax.

3. The franchise, capital stock, property consisting in land and machinery, &c., shares of capital stock, and profits arising from the business of a corporation, are each the subject of distinct taxation.

4. Where the charter vests the corporate property in the stockholders, and exempts it from taxation, the individual stock is also exempt.

5. Under article five, section three of the constitution, the same rule of uniformity applies to the taxing of "trades, professions, franchises and incomes," as to the other species of property therein named; and there must also be uniformity in the mode of assessment.

6. A tax upon an occupation must reach all who follow it—all of a *class*, either of persons or things.

7. The act of 1881, ch. 116, class II, §2, repealing all exemptions of taxation contained in acts of incorporation granted before or since July, 1868, noticed, and its effect considered.

(*Attorney-General* v. *Bank*, 4 Jones' Eq., 287; *Railroad* v. *Commissioners*, 81 N. C., 487; *Gatlin* v. *Tarboro*, 78 N. C., 119, cited and approved).

CIVIL ACTION tried at January Term, 1882, of WAKE Superior Court, before *Gilmer, J.*

The plaintiff, suing as the treasurer of the state of North Carolina, alleged in substance as follows:

1. That the defendant is a corporation formed under the laws of Virginia and this state, and a portion of its line is located in this state, and in the act of incorporation by the state of Virginia it was enacted that "all machines, wagons, vehicles and carriages purchased as aforesaid with the funds of the company, and all other works constructed under the authority of this act, and all profits which shall accrue from the same, shall be vested in the respective shareholders of the company forever in proportion to their respective shares, and the same shall be deemed personal estate, and shall be exempt from any public charge or tax whatsoever." But the assent of the legislature of North Carolina by the act of 1830 was given to said act, with the exception contained in the 8th section thereof, "that this act and every part

and provision thereof shall be subject to be altered, amended or modified by any future legislature as to them shall seem necessary and proper, except so much thereof as prescribe the rate of compensation or tolls for transportation of produce or other commodities allowed to the said company."

2. That by the act of 1876–'77, ch. 156, schedule C, §1, it is enacted: "Every railroad or canal company incorporated under the laws of this state, and not liable to a tax upon the property of said company, or the shares therein, shall pay a tax on the corporation equal to a tax of one per cent. upon the gross receipts of said company; that said tax shall be paid semi-annually, upon the first days of July and January, commencing upon the first day of July, one thousand eight hundred and seventy-nine; and for the purpose of ascertaining the amount of the same, it shall be the duty of the treasurer of said company to render to the treasurer of the state, under oath or affirmation, a statement of the amount of gross receipts of said company during the preceding six months; and if such company shall refuse or fail for a period of thirty days after such tax becomes due to make return or pay the same, the amount thereof, as near as can be ascertained by the public treasurer, with an addition of ten per cent. thereto, shall be collected for the use of the state as other taxes are collected: provided, that when a line of railroad or canal belonging to any company liable to this tax lies partly in this state and partly in an adjoining state or states, the part or share of such earnings only shall be subject to the tax as will be in that proportion to the whole receipts which the length of the road or canal within the limits of the state shall bear to the whole length of such road or canal. And in said act it was directed that every railroad and canal company, incorporated under the laws of this state and doing business herein and not liable to a tax upon the property of said company or the tax before mentioned, shall pay a tax of one per cent. upon the actual cash value of every share of its capital stock to the treasurer of the state for its use on the first day of July, 1877, and each year thereafter with like provisions

with regard to the return of statements, the enforcement of the tax and apportionment thereof when the road lies partly in this state and partly in an adjoining state, as the one annexed to the first tax.

3. That the same enactments were made in the ensuing revenue laws, except that in that of 1881 a privilege tax of twenty-five dollars per mile per annum was substituted in place of the tax upon the cash value of the shares.

The plaintiff further alleged that the defendant had failed to make the returns required by law and to pay any of the taxes imposed by said statutes, and prayed that the defendant be compelled to make the required return of statements and pay the taxes which shall be ascertained to be due.

The defendant, admitting that the statutes referred to in the complaint were correctly cited, denied that they had any applicability to it.

The plaintiff demurred to the answer. The court sustained the demurrer and gave judgment against the defendant, and the defendant appealed.

*Attorney-General* and *John W. Graham*, for plaintiff.
*Messrs. Merrimon & Fuller*, for defendant.

ASHE, J. The plaintiff, by his action, seeks to subject the defendant corporation to the payment of certain taxes alleged to be due and owing by defendant for the years 1877, 1878, 1879 and 1880, under the following provisions of the act of 1876–'77, ch. 156, schedule C, §1, and similar enactments till 1881 :

1. "Every railroad or canal company incorporated under the laws of this state, and not liable to a tax upon the property of said company, or the shares thereof, shall pay to the state a tax on the corporation equal to the sum of one per cent. upon the gross receipts of said company."

2. Every railroad and canal company incorporated under the laws of this state and doing business herein, and not liable to a

tax upon the property of said company, or the tax before mentioned in this section, shall pay a tax of one per cent. upon the actual cash value of every share of its capital stock, and the tax of twenty-five dollars per mile per annum as a privilege tax, for the year 1881, required by the act of 1881, chapter 70, schedule C, section 1, to be paid in lieu of the last tax.

In the charter of this company there is the following exemption: "All machines, wagons, vehicles and carriages purchased as aforesaid with the funds of the company, and all their works constructed under the authority of this act, and all profits which shall accrue from the same shall be vested in the respective shareholders of the company forever, in proportion to their respective shares, and the same shall be deemed personal estate, and shall be exempt from any public charge or tax whatever."

It is a very broad and sweeping exemption, and from the long acquiescence of the public authorities of the state in its observance, it was thought, no doubt, by the corporators to be an exemption from every species of burden upon any taxable subject connected with the corporation. But the legislature has seen proper to pass the act imposing a tax on the corporation equal to the sum of one per cent. upon the gross receipts of the company.

The franchise of a corporation, its capital stock, its property consisting of land, machinery, &c., the shares of the stockholders, and the dividends or profits accruing from the management of the property of the corporation, are all severally the subjects of taxation; and a tax upon a corporation can only be effected by imposing it upon some of these subjects; as, for example, a tax upon the property or the capital stock. When the tax is imposed directly upon the corporation, it must be a franchise tax. It is not a tax on capital stock, nor individual shares or profits, nor upon gross receipts, for that is here made the measure of the tax. Cooley on Taxation, 303.

It is held in *Commonwealth* v. *Lowell Gas Light Co.*, 12 Allen, 75, that a tax on a corporation of a certain percentage upon the excess of the value of its capital stock over and above the value

of its real estate and machinery, is a tax upon the franchise. Whenever a tax, as here, is imposed upon a corporation directly by the legislature and is not assessed by assessors, and the amount depends on the amount of business transacted by the corporation, and the extent to which it has exercised the privileges granted in its charter, without reference to the value of its property or the nature of the investments made of it, it is a franchise tax. Burroughs on Tax., 169. To the same effect is *Attorney-General* v. *Bank of Charlotte*, 4 Jones' Eq., 287.

If this, then, is a tax on the franchise, the defendant is not liable to the tax. In *Railroad* v. *Reid*, 13 Wall., 268, it is held that a franchise is *property*, "and of the most valuable kind, as it cannot be taken for public use, even with compensation"; and in *Railroad* v. *Commissioners*, 81 N. C., 487, this court held that the *property* of this defendant corporation was exempt from taxation under the provisions of its charter.

The plaintiff insists that if not liable for the tax to be measured by the gross receipts, it is liable under the other provision of the act of 1876–'77, for the tax of one per cent. upon the actual cash value of every share of its capital stock to be paid to the treasurer of the state.

This tax, like the last, is not to be assessed by assessors, but is required to be paid to the treasurer of the state upon a computation made by him upon a statement rendered by the treasurer of the company of its assets and liabilities, and is, upon the authorities cited, a franchise tax, to which, as we have shown, the defendant is not liable.

But there is another ground upon which the defendant escapes liability to this tax. It is imposed upon the actual cash value of every share of its capital stock. It is not a tax upon the capital stock, but a tax upon every *share* of the capital stock. The capital stock and the shares of the capital stock are very different, and each is the subject of distinct taxation. Capital stock is the amount subscribed, and the shares of capital stock are the integral parts of the capital stock, and are owned by the members in

proportion to the respective amounts subscribed. Burroughs on Taxation, §83.

By the charter of incorporation all the property of the corporation is vested in the *shareholders* of the company in proportion to their respective shares, and is exempted from any public charge or tax; and where there is a general exemption of the property of a corporation from taxation, its effect is also to exempt its stock in the hands of the stockholders. *Gordon* v. *Appeal Tax*, 3 How. U. S. Rep., 133.

The plaintiff further insists that the company is liable for the tax of 1881 of twenty-five dollars per mile on its road lying in this state, under the clause in schedule C, section one, of the act of 1881, which provides that "Every railroad and canal company incorporated under the laws of this state and doing business herein and not liable to a tax upon said company, or the tax before-mentioned in this section, shall pay a privilege tax of twenty-five dollars per mile per annum to the treasurer of the state for its use, on the first day of July, 1881, and each year thereafter."

This, like the other taxes imposed in this section, is a franchise tax. It is paid directly to the treasurer, without any assessment by assessors, and is to be estimated by the length of the road. Besides, it is a privilege tax, and every privilege tax must be a tax on the franchise; for a franchise of a private corporation, in its application to a railroad, is the *privilege* of running it and taking fare and freight, *Railroad* v. *Reid*, 13 Wall., 264; and being a tax on the franchise, the company, by the authority of the decision in that case, has the right to claim immunity from the tax; and this immunity having been derived from a contract with the state, is secured against invasion by the constitution of the United States.

But the defendant is also protected against the enforcement of these taxes by the constitution of this state.

In every enlightened government founded upon principles of justice and liberty, it is, or ought to be, a fundamental principle,

that in the imposition of taxes for the support of the government, the rules of equality and uniformity should be strictly observed; for such burdens imposed by any other standard must inevitably work oppressively upon some portion of the citizens. Hence it is that, so far as we have examined, this principle, announced in varying terms, has been incorporated in the constitutions of the several states of the Union. The principle was evidently in the contemplation of the framers of our state constitution when they framed that instrument. In article five, section three, it is provided that all real and personal property shall be taxed according to its true value in money, and all moneys, credits, investments, stocks and joint stock companies, by *a uniform rule;* and while in the same section it is declared that the general assembly may also tax trades, professions, franchises and incomes, without mentioning by what standard, it must be presumed that the same rule of uniformity was intended to apply to them. Such is the construction given by this court in the case of *Gatlin* v. *Town of Tarboro,* 78 N. C., 119, and in the case decided at this term of the court, *Worth* v. *W. & W. Railroad, ante,* 291, where it is held, that the rule of uniformity was violated by the legislation contained in schedule C, section one of the act of 1876–'77, because one species of tax is imposed on one railroad company and different species of taxes upon other railroad companies, the "uniform rule" requiring that all persons and corporations (for corporations for the purpose of taxation are persons) of the same class should be taxed without discrimination. Judge COOLEY, ·in his work on Taxation, speaking of a license or privilege tax as being essentially of the same nature, says: "It cannot be said to be unequal because reaching one occupation only, if it is to reach all who follow that. Let it reach all of a *class,* either of persons or things, it matters not whether those included in it be one or many, or whether they reside in one particular locality or are scattered all over the state?"

And in Burroughs on Taxation it is laid down that when the provisions (of a constitution) are held to apply to privileges, the tax is held to be invalid, unless, as in the case of property, it

extends to the whole state or district, and applies to all of the *class* to which the tax applies.

But the main objection to the constitutionality of these statutes founded upon a violation of the rule of uniformity is, that the taxes imposed upon the corporations designated in schedule C are to be assessed by a different mode of assessment from other corporations in the state of the same class not mentioned in the schedule.

The provision in our state constitution, with regard to equality and uniformity of taxation, was copied from the constitution of Ohio; and in that state it has been held that "taxing is required to be by a uniform rule, that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity not only in the rule of taxation, but also uniformity in the mode of assessment upon the taxable valuation. Uniformity in taxing implies uniformity in the burden of taxation, and the equality of burden cannot exist without uniformity in the mode of assessment as well as in the rate of taxation. *Bank of Columbus* v. *Hines*, 3 Ohio St. Rep., 1.

Before concluding this opinion, it may be proper to observe that we have not overlooked the act of 1881, ch. 116, repealing all exemptions of taxation contained in acts of incorporation granted before or since the 4th of July, 1868.

This act could not have the effect of subjecting this corporation to the taxes imposed prior to the passage of the act. Such a construction would be giving to the repealing act a retroactive operation, and would have the effect of impairing, by relation, the obligation of the contract with the state, and interfering with the vested rights of the corporators. The general rule, well established in the construction of statutes, is, that they are not to have a retroactive effect so as to impair previously acquired rights. Potter's Dwarris Statutes, 169, note 9, and authorities there cited.

But the act of 1881 would have had the effect of subjecting the corporation to the tax of twenty-five dollars per mile, pro-

vided in schedule C of that act, except for the constitutional objection hereinbefore discussed and decided.

Our opinion is the demurrer cannot be sustained, the judgment of the superior court is reversed, and the defendant recovers costs.

Error.                                                      Reversed.