WYNNE, Respondent, v. AUBUCHON, Appellant.

1. Matters of record can not be proved by parol; where, therefore, in a suit for the possession of a mare, it was attempted to base a defence to the action upon the fact that the mare in controversy had been taken out of the possession of plaintiff and put in that of the defendant by virtue of a writ issued by a magistrate; *held*, that a copy of the record of proceedings should have been produced.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit for the possession of a mare alleged to belong to plaintiff. Upon the trial, at April term, 1855, the plaintiff introduced testimony showing a derivation of title by various intermediate transfers from one Rey, who was in possession of said mare in 1849 or 1850. Some of plaintiff's witnesses stated that the mare had been taken by defendant out of the possession of plaintiff by virtue of a writ issued by a magistrate. At the close of plaintiff's case, the defendant asked the following instruction, which was refused by the court : "If the jury believe from the evidence that the mare sued for was taken out of plaintiff's possession and placed in that of defendant by virtue of a writ issued by a magistrate, the magistrate, in the absence of any proof to the contrary, will be presumed to have acted legally, and defendant's possession, in consequence, is legal, and plaintiff can only recover because defendant's possession is illegal." To the refusal of this instruction defendant excepted.

Defendant then gave evidence tending to show possession and ownership of the mare in defendant in 1849 or 1850, and a loss of her by theft or her straying about that time. Defendant then asked the following instruction, which was refused : "Possession of personal property is *prima facie* evidence of title, and the jury, to find for plaintiff, must believe from the evidence that the mare in question was unlawfully or without the authority of plaintiff taken from him by defendant.

*Garesché* and *Farish*, for appellant.

*N. McDonald*, for respondent.

Scott, Judge, delivered the opinion of the court.

There was no error in refusing the instruction asked by the defendant, as it assumed the identity of the mare claimed by the plaintiff with that alleged to belong to the defendant. Whether the mare claimed by the plaintiff was the same alleged

to belong to the defendant was the very matter in dispute, and the court properly refused an instruction which assumed such to be the fact.

Matters of record can not be proved by parol. If there was any legal process or proceedings by which the mare was taken from the plaintiff and put into the possession of the defendant, a copy of such proceedings should have been produced. The declaration of a witness that there were such proceedings, was no such evidence as would have warranted an instruction or supported a claim founded on them.

The other judges concurring, the judgment is affirmed.