T. H. GATLIN and others *v.* THE TOWN OF TARBORO.

*Uniform Taxation--Traders--Practice--Agreement as to Notice of Private Act.*

1. A tax is *uniform* when it is equal upon all persons belonging to the described class upon which it is imposed.
2. A tax levied quarterly by a town, under authority of an Act of the General Assembly, upon all traders doing business in the town, " of one dollar for every $1,000 worth of goods sold during the preceding quarter," is uniform and constitutional.
3. An agreement by counsel set out in the record, that the Constitutional requirement of notice of the intended application to the General Assembly, for the passage of a Private Act, was not observed as to the Act in dispute, cannot be accepted by the Court as conclusive. *Probably*, if it appeared either from the Act itself, or affirmatively from the journals of the Legislature, which would have been competent evidence in the Court below, that such notice had not been given, this Court would hold the Act to be unconstitutional. If the Legislative journal is silent as to the fact, the presumption would be that the Legislature obeyed the Constitution.

(BYNUM, J., *Dissenting.*)

MOTION to vacate an Injunction to prevent the collection of certain taxes heard at Chambers on the 24th of December 1877, before *Moore, J.*

The action in which this motion was made, was brought by the plaintiffs on behalf of themselves and all the other tax payers, &c., to restrain the collection of a certain tax by the officers of the Town of Tarboro. By an Act of 1876–'77, ch. 228, which recites that " the commercial interests of the Town require extra police and watch," the Legislature enacts that on the first days of April, July, October and January, in each year, every trader doing business in the Town shall pay a tax of one dollar for every $1,000 worth of goods sold by him during the preceding

quarter, to be collected by the officers of the Town, and accounted for as other taxes are. The payment of this tax is resisted on several grounds :—

1. That as the traders upon whom alone it is imposed, had paid or were liable to pay, in common with other property owners in the Town, an *ad valorem* tax on their property, and had also paid the tax for a license to carry on their respective trades, the additional tax in question is not uniform, and that on general principles as well as by Art. V. § 3 of the State Constitution, it is beyond the power of the Legislature, and so, void.

2. That the Act is private, and having been passed without any notice of the application as required by the Const. Art. II § 12, it is therefore void. The fact that no notice such as the Constitution requires, was given, is admitted by the parties in their case agreed, but does not otherwise appear.

His Honor being of opinion with the plaintiffs, gave judgment that the injunction be made perpetual, and the defendant appealed.

*Mr. J. L. Bridgers, Jr.,* for plaintiffs.
*Mr. Fred. Phillips,* for defendant.

RODMAN, J. (After stating the case as above.) *As to the first point:* The Constitution, Art. VII, § 7, forbids Cities and Towns from levying taxes except for their necessary expenses, unless by a vote of the qualified voters thereof. Whether this section by implication gives to such corporations the power to levy taxes for their necessary expenses, without any grant of such power from the Legislature, it is unnecessary to inquire. For if that be so, inasmuch as the Constitution imposes no restriction on the power except as above, but contents itself with requiring the Legislature to restrain its abuse, (Art. VIII § 4,) the power of a Town to

tax for its necessary expenses in the absence of any legisla-
tive restraint would be absolute and uncontrolled, except
by the uncontested maxims of justice and morality found
in the common law. In this case, the Legislature has given
the power to collect the tax in question, and unless the
Legislature was prohibited from granting the power, it is
immaterial whether the Act be regarded as a grant of the
power, or as a restraint on the general power to tax implied-
ly given by the Constitution.

Taking the view of the question best for the plaintiffs,.
and assuming the Act of 1876-'7 to be a legislative grant
of the power to tax, is there anything in the Constitution,
or in any admitted maxim of our law, prohibiting the
Legislature from making the grant of this particular power
to tax?

It must be admitted that there is nothing in the Consti-
tution expressly limiting the power of the Legislature to
give to Towns the power to tax their inhabitants, except
that above stated, to-wit, that it must be for a necessary ex-
pense, &c.

It is argued for the plaintiffs, however, that as the power
of the Legislature to tax for State purposes is regulated, the
power of the Legislature in granting the power of taxation
to Towns,can only extend to granting it subject to like regula-
tions. This may follow or not. But if we concede that the
Town of Tarboro could levy taxes only under the regula-
tions prescribed for the Legislature by the Constitution, the
question would be, could the Legislature impose a tax like
this?

The Constitution (Art. V. § 3,) says that the Legislature
shall tax by a uniform rule all moneys, &c., and all proper-
ty according to its value in money, and that it may also tax
trades, &c. Although it is not expressly provided that the
tax on trades, &c., shall be uniform, yet a tax not uniform,
as properly understood, would be so inconsistent with nat-

ural justice, and with the intent which is apparent in the section of the Constitution above cited, that it may be admitted that the collection of such a tax would be restricted as unconstitutional. But is not this tax uniform ? It is argued that it is not, because it is imposed on the plaintiffs in addition to their other taxes. This objection we think cannot be maintained, because the Constitution, while it requires all property to be taxed, expressly authorizes a tax on trades, &c., which must be a tax in addition to the tax on the property of the traders, which is common to all property owners. It is also argued, and this point was much insisted on, that the tax was not uniform, because it was not of the same sum on every trader, but was graduated according to the sales of the preceding quarter.

A tax on trades, &c., must be considered uniform when it is equal upon all persons belonging to the described class upon which it is imposed. Burroughs on Taxation, § 77 pp. 147, 159.

It may be different upon a dealer in whiskey by retail, from that on a wholesale dealer; or on a dealer in whiskey, from what is on a dealer in grain, &c. So it does not cease to be uniform, because it is $1 on all traders who sell to the amount of $1,000 in a quarter, they being one class, and $4 on all who sell to the amount of $4,000 in the same time, who form a different class. The same section of the Constitution allows a tax on incomes, and such a tax is always graduated by some rule according to the amount of the income. A law which imposed the same tax on every income without regard to its amount, would be manifestly unjust. It may not unfairly be assumed that the profits of traders on their sales of like amount, whether of one article or another, do not materially differ, and a tax of a certain per centage on sales is intended to be, and is approximatively, a tax according to profits, which is not supposed to be un-

just or unlawful.   We are unable to see any valid objection to the Act.

*As to the second point :*   If it appeared from the Act itself, or affirmatively appeared by the Journals of the Legislature, which would have been competent evidence, that the notice of the intended application for the Act, which the Constitution requires, had not been given, we should probably hold the Act void.   We have not consulted the Journals.   That was evidence to be offered in the Court below. Probably they are silent as to the fact whether it appeared that the required notice had been given or not.   In that case, we think the presumption would be that the Legislature had obeyed the Constitution, and that it appeared to it that the notice had been given.   *Omnia præsumuntur rite esse acta.*   We cannot accept the agreement of the parties that no notice was in fact given, as proof that it did not appear to the Legislature that the required notice had been given.   In such a case the best and only proof is by the record.   Our opinion on this point is supported by a recent decision in Illinois.   *Happel* v. *Brethaner,* 70 Ill. 166.

If any weight were allowed to admissions of this sort, the law might change as each case was presented.   Our opinion on this point renders it unnecessary to determine whether the Act was technically a public or private one.

Judgment below reversed ; and judgment in this Court, that the injunction be vacated and the action dismissed and that the defendant recover costs in this Court.

Error.

PER CURIAM.    Judgment reversed.