STATE v. R. M. COHEN.

*Indictment under Revenue Act.*

The revenue act of 1877 making it indictable to practice any trade with-
out license, is constitutional; and this law has been continued in force
by subsequent enactments.

(*Albertson* v. *Wallace*, 81 N. C., 479.)

INDICTMENT for a misdemeanor under the revenue act of 1877, ch. 156, found in the inferior court, and tried on ap-peal at Fall Term, 1880, of WAYNE Superior Court, before *Gudger, J.*

The defendant was indicted at a term of the inferior court held for the county of Wayne in the month of December, 1879, for practicing the trade of a merchant without having obtained a license so to do; and at the following March term he was convicted and appealed to the superior court. At the fall term, 1880, of the latter court he was tried and again convicted; and after making a motion in arrest of the judgment, which was overruled by the court, he appealed to this court.

The case states that the defendant assigned two grounds in support of his motion in arrest: 1. That the law under which the indictment against him is brought is unconsti-tutional. 2. That since the indictment was found and be-fore the trial, the statute creating the offence charged against him has been repealed.

*Attorney General,* for the State.

*Messrs. W. T. Faircloth* and *W. E. Clarke,* for the defendant, cited *State* v. *Long,* 78 N. C., 571; *State* v. *Nutt,* Phil., 20; *State* v. *Wise,* 66 N. C., 120.

RUFFIN, J. The indictment against the defendant is brought under the law of 1877, ch. 156, § 31, entitled "an act to raise revenue." The 12th section of the statute provided that every merchant, &c., who should carry on his trade, should, in addition to his *ad valorem* tax, pay as a privilege tax five dollars and one-tenth of one per centum on the total amount of his purchases, &c. The 27th section provided that no person should follow certain enumerated trades without first obtaining a license from the sheriff of his county; and the 31st section made it a misdemeanor in any one to practice such trades without having first paid the tax and procured the license. Amongst the trades enumerated as forbidden to be followed without such license is that of a merchant.

The question as to the constitutionality of this very statute was brought before this court, in the case of *Albertson* v. *Wallace,* 81 N. C., 479, and was decided in favor of the law; and we can add nothing to what is said in that case.

We do not find, on reference to the subsequent statutes, that this one, so far as the defendant's case is concerned, has been repealed. It is true that by chapter two of the acts of 1879 the tax of five dollars imposed by the 12th section of the former statute, has been repealed, but this leaves the per centage on the amount of purchases still to be paid; and the charge alleged against the defendant is not the failure to pay any particular tax, but his failure to take out license to follow his trade as a merchant. A modification of the tax designated in the 12th section cannot be held to be an abrogation of the duty imposed by the 27th section, a neglect of which duty is the subject of this prosecution.

We have examined all the subsequent revenue laws, thinking they might possibly contain a repeal of all former laws on the subject; and if so, under the authorities referred to in the brief of the defendant's counsel, we should feel bound to give him the benefit thereof. But as we construe them, instead of repealing this law, they expressly continue it in force for all purposes, so far as relates to taxes which were or should have been listed or paid under it.

There was no error therefore in refusing to arrest the judgment, and this opinion will be certified to the end that the superior court may proceed to judgment.

PER CURIAM.                                              No error.