STATE v. ROBERT POWELL.

*Appeal— Taxation — What Taxable—Privilege Tax.*

1. When an objection, on a second appeal, might have been made in a former appeal in the same case, it is questionable whether it should be considered.

2. Uniformity must be observed in taxation, and a tax is uniform which is the same on *all* persons in the same class, as on inn keepers, on railroads, &c.; but it is in the discretion of the taxing power to graduate the tax according to the extent of the business taxed, or to impose a single tax on the occupation. Therefore, a tax by a municipal government of a certain sum on Livery Stable keepers, is constitutional.

CRIMINAL action, tried on appeal from the Mayor of Morganton, before *Merrimon, J.,* at Spring Term, 1888, of the Superior Court of BURKE County.

The defendant was arrested under a warrant from the Mayor for unlawfully carrying on the trade or business of keeping a livery stable, without having first paid a privilege

tax of $10, etc., in violation of certain ordinances of the said town of Morganton, levying privilege taxes of different sums on general occupations, including keeping of livery stables, selling sewing machines, etc., and affixing a penalty for carrying on the business without first paying for license. The jury having found the defendant guilty, he was adjudged to pay a fine of $10 and cost, and he appealed.

*Attorney General*, for the State.
*Mr. S. J. Erwin*, for the defendant.

SMITH, C. J. When this cause was before us upon a former appeal, the ruling that no criminal offence as set out in the warrant, of which the Mayor of the town could take judicial cognizance, was created in the ordinance, was declared erroneous, and the Superior Court directed to proceed with the trial. It is now before us on the defendant's appeal, after verdict and judgment, for an alleged error, in holding that the ordinance imposing the tax, so far as the required license applies to the keeping of a livery stable for pay, was valid and effectual. The objection was not specifically made at the first hearing, but it could and ought to have been then taken, and it is more than questionable whether, inasmuch as it was not, a second appeal is admissible to raise it now. If possessed of force, it would have supported the action of the Court in refusing to entertain jurisdiction; as an adverse decision, upon the point, is involved in the reversal of the judgment dismissing or quashing the proceeding. The very objection which lies at the basis of the present appeal, though it is not specially noticed, is determined in that heretofore prosecuted. Still, as the former ruling was made *in limine*, and now the appeal is after judgment final, we have given careful attention to the reasons assigned by counsel, for assailing the validity of the town

enactment, as affecting the class of delinquents to which the appellant belongs.

In the brief before us, the infirmity is said to consist in a disregard of the principal of uniformity, which, though not expressed in the Constitution, is an essential and underlying condition of all legislation, State or municipal. *Gatlin* v. *Tarboro*, 78 N. C., 119.

Uniformity, in its legal and proper sense, is inseparably incident to the exercise of the power of taxation, but is it absent from the impeached ordinance? It is defined by Mr. Justice MILLER, in the Railroad Tax Cases, 92 U. S., 575, and the definition accepted, as correct, by this Court in *Puitt* v. *Commissioners*, 94 N. C., 709, to consist in putting the same tax upon all of the same class; that is, while the same tax must be enforced upon *all* innkeepers, upon railroads, and so throughout, a tax discriminating persons of the same class, whereby some are required to pay more than others, would lack uniformity. It is unquestionably, however, in the discretion of the taxing power to graduate the tax, according to the extent of the business so taxed, or to impose a single tax upon the occupation without regard to its extent.

The appellant complains that the tax upon livery stable keepers is not measured by the value of the property employed in the business, nor the extent of their operations. This is a matter addressed to the sound discretion of those who make the assessment, and is not a usurpation of undelegated authority.

The error consists in regarding the tax as imposed *on property* in which, both uniformity and the *ad valorem* principle, must be observed. This is not a property tax, but a tax upon an *occupation or vocation,* and is not less so because the appurtenances to a livery stable, necessary in conducting the business, may be horses, carriages and other property. Indeed, these articles, though so used, are still subject to the *ad valorem* assessment as property.

As other trades, *purely personal*, without regard to the magnitude of the business carried on, may be subjected to a tax of a fixed sum, we see no reason why those, which require the use of property, may not be.

There is no error.

Affirmed.