THE STATE v. J. C. STEVENSON AND J, A. TAYLOR.

*Constitution— Taxation—License.*

The exception of "farm products purchased from the producer" from the return required to be made by merchants and other dealers as the basis for the license tax imposed by the Act to Raise Revenue (ch. 323, §22, Laws 1891) is not a discrimination against the products or citizens of other States; nor is it in violation of the provisions of the Constitution of North Carolina which require uniformity of taxation.

This was a CRIMINAL ACTION, tried at July Term, 1891, of the Criminal Court of NEW HANOVER County, *Meares, J.,* presiding, similar to that of *State* v. *French, ante,* except that the jury found in the special verdict these additional facts:

" That during the said six months the said defendants also bought and sold within the said State large quantities of goods, wares and merchandise, including farm products which were not purchased from the producer. And that all of the purchases so made, both in the State of North Carolina and out of it, were of goods, wares and merchandise not specially taxed by the Act of the General Assembly of the State aforesaid, ratified the 9th day of March, A. D. 1891; and that the defendants, not being transient dealers, did not, within ten days after the 1st day of July, 1891, deliver to the Clerk of the Board of County Commissioners of the said county a sworn statement of the total amount of their said purchases for the preceding six months, ending the 30th day of June, A. D., 1891."

From a judgment against defendants they appealed.

*The Attorney General* and *Mr. A. M. Waddell,* for the State. *Messrs. George Davis* and *George Rountree,* for defendants.

CLARK, J : The defendants, merchants residing and doing business in this State, have bought out of the State and have brought into the State and sold goods not being farm products purchased from the producer, and have bought in the State and sold farm products which were not purchased from the producer.   They refused to list them under Schedule B, Section 22, of the Revenue Act, and they contend the act is void and unconstitutional because—

1. "It denies to the defendants the equal protection of the laws.  U. S. Cons., 14th Amendment, § 1." It has been repeatedly held that the Fourteenth Amendment was not intended to "compel a State to adopt an iron rule of equal taxation," or "to prevent it from adjusting its system of taxation in all proper and reasonable ways." *Bell's Gap R. R. Co.* v. *Penn.*, 134 U. S., 232 (237); *Home Ins. Co.* v. *New York, Ibid,* 594 (606).   Both these cases are cited and approved in *Pacific Express Co.* v. *Seibert,* U. S. Supreme Court (opinion filed January 4th, 1892).   The Fourteenth Amendment certainly has no application to a case like the present, as we have held in *State* v. *French* at this term.

2. "In so far as it applies to goods purchased outside of the State, it is a 'regulation of commerce among the States.' U. S. Cons., Art. 1, § 8, ¶ 3."   This point was also presented and passed upon in the case of *State* v. *French, ante.*   It is sufficient to say that the tax is not on "interstate" dealings, but on the occupation of carrying on a mercantile business in this State ; and instead of levying a fixed sum, irrespective of the quantity of business done, the statute graduates the tax according to the amount of purchases, "whether made within or without the State."   If the defendants had removed here from another State, while. there could be no tax on their transportation here they would be liable, after their arrival, to a license tax on their "occupation" if there was no discrimination.   In the same manner, if they brought goods with them, this would not prevent a property tax on the

goods or a license tax on the trade or occupation in which such goods were used, provided there was no discrimination on account of the place of origin of the goods.

3. "It discriminates against the products of other States, and is repugnant to the United States Constitution, Art. 4, § 2, ¶ 1." The act ·makes no discrimination against products brought from elsewhere. It is couched in general terms, and exempts purchases of farm products from the producer, wherever raised, from being taken into account in ascertaining the basis upon which the amount of the license tax is graduated. This is neither necessarily, nor within reasonable construction, a discrimination against farmers in other States. Florida oranges, Northern corn, wheat and apples and other farm products of other States, are ordinarily largely dealt in, and the amount of the purchases thereof from the producers are omitted, equally with similar purchases of farm products raised in this State, in adjusting the amount of license tax required by the act. It is true that a law professing to be non-discriminating on its face may, from the circumstances, and in its application, be held to be really discriminating, and hence unconstitutional, as in the meat and guano inspection cases. *Brimmer* v. *Rebman,* 138 U. S., 78; *Minnesota* v. *Barber,* 136 U. S., 313; *Fertilizer Co.* v. *Board of Agriculture,* 43 Fed. Rep., 613   But these were cases of taxation or prohibition. The provision before us is only an exemption. It does not tax the non-resident farmer or put him at any disadvantage, as compared with the farmer residing in this State. This point has recently been considered by SEYMOUR, J., in the United States District Court for the Eastern District of North Carolina in a very able opinion construing this very statute (*Ex parte* Brown, 48 Fed. Reporter, 435), the reasoning in which case in this aspect of it seems to us satisfactory and conclusive.

4. "That it violates the principle of uniformity in taxation. Constitution of North Carolina, Art. 5, §§ 5 and 6."

This is a privilege tax on a trade or occupation, and is, authorized by the Constitution of North Carolina (Art. 5, § 3) in addition to the *ad valorem* tax on property. *Albertson* v. *Wallace*, 81 N. C., 479 ; *State* v. *Cohen*, 84 N. C., 771. It was in the discretion of the Legislature to impose either a specific tax or one graduated by the extent of the business done. *State* v. *Powell*, 100 N. C., 525. Such tax is uniform when it is equal on all persons in the same class. *Gatlin* v. *Tarboro*, 78 N. C., 119; *State* v. *Powell, supra*. Graduating a merchant's license tax by the amount of his purchase of a certain class of goods, and not by the amount of his total purchases, is not imposing unequal taxes on the goods. It is merely a mode of graduating, according to the wisdom and discretion of the Legislature, the amount of the license tax for carrying on any specified occupation.

But treating it as a "classification," this law puts all merchants dealing in farm products purchased from the producer in one class, and all merchants not dealing in farm products purchased from the producer in another class, and treats all in each class alike. There is no discrimination in either class. The power to select particular trades or occupations and subject them to a license tax cannot be denied to the Legislature—nor the power to tax such trades according to different rules, provided the rule in regard to each business is uniform. " It may be different upon a dealer in whiskey by retail from that on a wholesale dealer; or a dealer in whiskey from what it is on a dealer in grain," etc., says Judge RODMAN in *Gatlin* v. *Tarboro, supra*, and so it may of course be different on a dealer in farm products purchased from the producer from that on a dealer in other goods." Indeed, there can be, strictly speaking, no uniform, proportional, and *ad valorem* tax on all trades, professions, franchises and incomes, taken together, because they are so dissimilar that there is no practicable means of arriving at what should be a uniform tax common to them all. How

could a tax be " uniform" or proportional between the profession of law or medicine, livery-stable keepers, merchants, keepers of ferries, etc. The Legislature could lay a franchise tax on some callings, and it would not be illegal because some other occupation was not taxed. It could lay a fixed tax on some occupations and graduate it on others by the volume of business done, or in any other mode it may deem fit. *Insurance Co.* v. *New York*, 134 U. S., 594. It is within the legislative powers to define the different classes and to fix the license tax required of each class. All the licensee can demand is that he shall not be taxed at a different rate from others in the same occupation as " classified" by legislative enactment.

The act provides, "every merchant, jeweler, grocer, druggist or other dealer, etc., shall pay as a license tax one-tenth of one per centum on the total amount of purchases in or out of the State (except purchases of farm products from the producer)." This language makes no discrimination in favor of or against any merchant, jeweler, grocer, druggist or other dealer. On the contrary, it taxes the business of each alike, and exempts each alike from the necessity of listing his purchases of farm products from the producer. The act, in our opinion, is not obnoxious for any of the reasons urged against it, and the judgment of the Court below should be

Affirmed.