ROSENBAUM *v.* CITY OF NEWBERN.

---

J. ROSENBAUM v. CITY OF NEWBERN.

*Injunction — Municipal Corporations — Taxation—Uniformity—Privilege Tax on Trades—Police Regulation—Second-Hand Clothing—Tax to Enforce Police Power—Discretionary Power of Municipality.*

1. The requirement of the Constitution that all taxes shall be uniform does not prohibit a municipality, which is empowered to tax persons engaged in mercantile business, from classifying dealers in a particular kind of merchandise, separately from those whose business it is to sell other articles falling within the same generic terms ; hence,

ROSENBAUM *v.* CITY OF NEWBERN.

2. An ordinance imposing a license tax on all dealing in second-
hand clothing is not in violation of Section 3, of Art. 5, of the
Constitution requiring such taxes to be uniform between
those belonging to the same class. FURCHES, J., dissents,
*arguendo,* in which FAIRCLOTH, C. J., concurs.

3. The fact that a merchant is liable, under ordinance, to a license
tax for the privilege of selling general merchandise, will not
exempt him from liability under a subsequent ordinance
imposing a privilege tax for selling second-hand clothing,
which was included as general merchandise under the prior
ordinance, although the aggregate of the two taxes exceeds
the limit prescribed by the charter.

4. Under the police power belonging to a municipality by its char-
ter, or under the general law, it may require a dealer in
second-hand clothing to turn it over to the city for disinfec-
tion, at specified prices.

5. A municipality is not liable for damages caused by the enact-
ment and enforcement of a valid ordinance.

6. An injunction will not lie to enjoin the enforcement of an ordi-
nance on the ground that it shows an abuse by the munici-
pality of a discretionary power with which it is vested.

CIVIL ACTION, begun in CRAVEN County by the plaintiff,
against the City of Newbern, to enjoin defendant from col-
lecting taxes imposed by ordinance on plaintiff's business
and for damages. A restraining order was granted by
*McIver, J.,* upon the motion of plaintiff, the complaint
being used as affidavit. The defendant filed answer and
the matter was heard before *Starbuck, J., at Chambers,* at
Durham, on the 12th September, 1895, by consent. The
restraining order was dissolved and plaintiff appealed.

The complaint after alleging plaintiff's residence and
occupation as merchant in Newbern, engaged in buying
and selling dry goods, notions, &c., furnishing goods and
new clothing, and also second-hand clothing, sets forth
further:

"IV. That the plaintiff has two stores, or places of bus-
iness, in the said city—one on the east side of Middle

street, adjoining the furniture store conducted by W. P. Jones, and the other at the northwestern intersection of Middle and South Front streets.

" V. That the plaintiff buys and sells second-hand clothing only at the said store, situated at the northwest corner of South Front and Middle streets, and the said second-hand clothing constitutes only about ten or fifteen per centum of her stock of goods, wares and merchandise in said store.

" VI. That the said City of Newbern has adopted an ordinance as follows—Chapter 12, Section 7:

"'APRIL 3, 1894.

" ' CHAP. 12, SEC. 7.

" '*Be it ordained:* 1st. That all second-hand clothes and bed clothing brought within the City of Newbern, shall, before the same shall be offered for sale, be carried by the owners thereof to a receptacle in rear of the City Hall to be disinfected by fumigation.

" ' 2nd. It shall be the duty of the City Marshal to have all such clothes and clothing disinfected, and he shall stencil, or stamp, each piece with the word " fumigated," and charge for said disinfecting and marking as follows :

All ladies' dresses, of whatever kind................................................ 15c. each.
All coats and overwraps, large size............................................ 15c.    "
All coats and cloaks, whatever kind not otherwise mentioned, large shawls, blankets and quilts............................ 10c.    "
All round-abouts, jackets, overhauls, pants, balmorals.... 5c.    "
All undergarments not otherwise mentioned, all children's clothes, and all other garments not otherwise mentioned............................................................................................ 3c.    "

" ' 3rd. It shall be the duty of the City Marshal to keep an account of all clothes disinfected, and also of all fees collected therefor, fifty per cent. of which he will retain for his expenses and convey the residue into the city treasury.

" ' 4. Any one selling, or offering to sell, second-hand clothing and clothes, without having the same disinfected and marked, as above set forth, shall be subject to a fine of fifty dollars for each and every offence.'

" VII. That, as plaintiff is informed, and believes, the prices charged by said city and fixed by said ordinance for such disinfection and fumigation, are greatly in excess of the cost thereof, unjust and burdensome ; and as she is informed, and believes, that the part thereof allowed to the Marshal by said ordinance, to-wit, one-half thereof, is illegal and in violation of the charter of the said city ; and that she is informed, and believes, the cost and expenses of such disinfection and fumigation, so required by said ordinance, do not exceed more than about one cent for each garment.

" VIII. That all of the second-hand clothing now in the said store of plaintiff has been disinfected and fumigated, as required by said ordinance.

" IX. That said, the City of Newbern, will not allow plaintiff to bring into said city other second-hand clothing, without compelling plaintiff to have same disinfected and fumigated, as required by said ordinance, and compelling her to pay for same and for the purpose and as stated in said ordinance the prices fixed therein.

" X. That defendants claim that said City of Newbern, by its Mayor and Board of Councilmen, on the 4th day of June, 1895, passed another ordinance, (a copy of which is hereto attached, marked ' B,' and made a part of this complaint,) and threaten to enforce the same against this plaintiff. That by said ordinance all merchants, whose annual receipts are from $1,000 to $5,000, are taxed one dollar per month for said trade and calling ; and license for selling ' clothing second-hand in advance ' is four dollars per month, as she is informed and believes.

" XI. That plaintiff's receipts, at each of said stores or places of business, does not exceed $5,000 per annum.

" XII. That plaintiff has tendered to said H. J. Lovick, the Tax Collector of said City of Newbern, one dollar for a license to carry on her said business as a merchant, at said store or place of business at southwest corner of South Front and Middle streets ; and also one dollar, for a license to carry on her said business at her store or place of business on the east side of said Middle street, for the month of June, 1895, as she is informed and believes. But the said Tax Collector, H. J. Lovick, has refused to accept the same and to grant said license ; but demands that the plaintiff pay to him four dollars for license to carry on such business, in each of said stores or places of business for said month of June, 1895, and threatens to distrain a sufficiency of the goods and chattels of plaintiff to pay said tax, so demanded by said Tax Collector, as plaintiff is informed and believes.

" XIII. That the City of Newbern, by its Mayor and Board of Councilmen, passed said ordinances, as plaintiff is informed and believes, without authority of law ; that the same are not uniform, and that the object thereof is to break up plaintiff's business and to compel plaintiff to leave off dealing in second-hand clothes.

" XIV. That by season thereof, plaintiff has been compelled to stop selling second-hand clothes entirely during said month.

" XV. Wherefore, plaintiff has been greatly damaged.

" XVI. Plaintiff is advised and believes that said ordinance (marked ' B,') has never been legally adopted and made a lawful ordinance by said city.

" Wherefore, plaintiff demands judgment—

" I. For one thousand dollars damages.

" II. That the said H. J. Lovick, Tax Collector, upon

payment to him by plaintiff, of one dollar for each of said stores or places of business, be required to issue a license to plaintiff to carry on her said business at each of said stores, or places of business.

" III. That said Tax Collector be restrained from collecting from plaintiff any further or greater sum than one dollar, for a license to carry on such business at each of said stores or places of business.

" IV. That the defendant, the City of Newbern, its officers and agents, be restrained and enjoined from collecting from plaintiff more than one cent for each article or garment disinfected or fumigated, by said ordinance— marked ' A.'

" V. That said, the City of Newbern, and said H. J. Lovick, Tax Collector, be restrained and enjoined from distraining any of plaintiff's property, goods and chattels for failure to pay license for carrying on said business for the month of June, 1895.

" VI. And for such other and further relief as plaintiff may be entitled, and for costs."

*Answer* :

The defendants, answering the complaint, say :

" I. That the defendants have no knowledge or information sufficient to form a belief as to the truth of the V. article thereof, and, therefore, deny the same.

" II. That the defendants are advised, informed and believe that the VII. Article thereof is not true.

" III. That the defendants are advised and believe that the IX. Article thereof is not true.

" IV. That the defendants have no knowledge or information sufficient to form a belief as to the truth of the XI. Article thereof, and, therefore, deny the same.

" V. That, in answer to the XII. Article thereof, the

defendants say that H. J. Lovick, the Tax Collector, has not demanded that the plaintiff pay to him four dollars for a license to carry on such business in each of said stores, or places of business, for the said month of June, 1895, and allege that the said H. J. Lovick demands from the plaintiff the sum of four dollars for a license to carry on the business in both of said stores.

"VI. That the XIII. Article thereof is not true, as defendants are advised, informed and believe.

"VII. That defendants are informed, advised and believe that the XIV. Article thereof is not true.

"VIII. That the defendants are advised, informed and believe that the XV. Article thereof is not true.

"IX. That defendants are advised and believe that the XVI Article thereof is not true."

And for a further defence to said action, these defendants allege:

"I. That the charges made under the ordinance set out in the VI. Article of the complaint are not more than sufficient to cover the expenses for the labor performed and the material used in fumigating the articles of clothing therein referred to. That, while fifty per cent. of the fee so charged is retained by the Marshal, that said sum is retained by the Marshal for the purpose of compensating him for his individual labor, in performing the duties required of him under said ordinance; that the balance of said charges, which are accounted for by the Marshal to the city, are used by the city for the purpose of employing labor, to assist the Marshal in the discharge of said duties, and purchasing the material used for the purposes specified in said ordinance.

"II. That Section 18 of the charter of said defendant, the City of Newbern, confers upon the Board of Councilmen the following powers, to-wit: That the Board of

ROSENBAUM *v.* CITY OF NEWBERN.

Councilmen shall have the power to make and provide for the execution thereof, such ordinances for the government of the city as they may deem necessary, not inconsistent with the laws of the land, and they shall have power by all needful ordinances to secure order, health, quiet and safety within the same, and for one mile beyond the city limit, and the powers and privileges of the Mayor and Justice of the Peace to be exercised within the above limits.

" III.  That said ordinance, in reference to the fumigation of second-hand clothing, was passed by the Board of Councilmen of the defendant, the City of Newbern, as defendants are informed, advised and believe, under the power conferred in said section of said charter, to secure the health and safety of the citizens in said City of Newbern.

" IV.  That defendants are advised, and believe, that the allegations of said complaint, with reference to the charges for fumigating second-hand clothing, the ordinance in reference thereto, and the damage to the plaintiff by reason thereof, do not constitute a cause of action against these defendants: in that it appears from said ordinances that there is no prohibition against the bringing of second-hand clothes and bedclothes within the city of Newbern ; and it appears from the allegations of the complaint that the plaintiff has no clothing or bedclothing subject to the provisions of said ordinance, which have not been fumigated, and had none within the city limits at the time of the commencement of this action.

" V.  That under Sec. 32 of the charter of the defendant, the City of Newbern, the said defendant, has the power to levy and collect a license tax for the privilege of carrying on any trade, profession or business within the city limits, the amount of said tax to be fixed by the board of councilmen, and not to exceed fifty dollars a year.

ROSENBAUM *v.* CITY OF NEWBERN.

" VI. That under the power and authority conferred in said provision of said defendant's charter, the Board of Councilmen has duly levied a license tax upon the plaintiff of four dollars per month for carrying on business in the city of Newbern as a dealer in second-hand clothing, and an additional tax, as specified in the complaint, for carrying on the business of a general merchant; but that the defendants have not demanded that the plaintiff should pay more than fifty dollars for transacting both of said businesses; that the tax of four dollars per month is levied upon all dealers in second-hand clothing, the said dealers having been separately classified for the purposes of taxation by the board of city councilmen of the city of Newbern, under the power and authority conferred in said provision of its charter; and that said classification, as defendants are advised and believe, does not render the tax void for want of uniformity, nor illegal.

" VII. That defendants are advised and believe that the complaint does not state facts sufficient to constitute a cause of action against these defendants in its allegations with reference to the said license tax for carrying on said business: in that, it appears from the allegations of said complaint, and from the charter of the City of Newbern, that said tax has not been levied for any illegal or unauthorized purpose, and is not illegal, and is valid; and that the plaintiff has not paid to the tax collector of the City of Newbern, nor any person for it, the license tax levied by the defendants, as aforesaid, and has not at any time within thirty days after such payment demanded the same in writing from the treasurer of the defendant, the City of Newbern; and in that it fails to allege that said tax has not, after such demand, hereinbefore referred to, been retained by the treasurer of said city, and said demand refused within thirty days after making such demand.

" VIII. That the defendants are advised and believe, and so allege, that the defendant, the City of Newbern, being a municipal corporation, created under and by virtue of the laws and Constitution of the State of North Carolina, is not liable in damages to the plaintiff, or any other person, for any alleged injury which the plaintiff may have sustained by reason of the passage and enforcement of any ordinance enacted by said city. Wherefore the defendants demand judgment; that they go without day, and for costs."

*Messrs. W. E. Clarke, M. De W. Stevenson* and *W. D. McIver,* for plaintiff (appellant).

*Mr. W. W. Clark,* for defendant.

AVERY, J.: Where a municipality is clothed with the power to impose a tax upon persons engaged in mercantile business, the authority is subject to the fundamental restriction that it shall not be so exercised as to discriminate between persons of the same class. State railroad tax cases, 92 U. S., 575. "It is unquestionably however in the discretion of the taxing power to graduate the tax, according to the extent of the business so taxed, or to impose a single tax upon the occupation without regard to its extent." *State* v. *Powell,* 100 N. C., 525.

But the law of uniformity does not prohibit the classification by the municipality of dealers in a particular kind of merchandise separately from those whose business it is to sell other articles falling within the same generic term. The term merchant embraces all who buy and sell any species of moveable goods for gain or profit, but courts everywhere lend their sanction to legislative acts putting dealers in dry goods and dealers in spirituous liquors, drugs or fresh meats into different classes and imposing a license tax upon the one and a tax in proportion to capital employed or sales made on the others, or a tax or license

ROSENBAUM v. CITY OF NEWBERN.

fee of the same kind not differing in amount upon each of the sub-classes created. In *State* v. *Worth*, 116 N. C., 1007, it was held that the business of manufacturing ice was comprehended under the general term trade and that where a municipality was acting under the grant of authority to impose a privilege tax upon trades and professions, " a levy of $66 per annum for storage, manufacture or sale of ice at wholesale with the privilege of retailing " was reasonable and constitutional and provided for no discrimination between persons engaged in storing, manufacturing or selling at wholesale or retail the particular kind of merchandise upon which the burden was imposed, but fixed the levy upon a class of traders distinctly defined in the ordinance. It was expressly held there that dealers in or manufacturers of different articles of merchandise might in the discretion of the municipal authorities be subjected, in separate classes, to license taxes varying in amount as to each of the classes. Of course it follows that the overlooking of manufacturers of shoes would not render invalid a tax upon another company whose product was ice, tobacco or cotton goods. It is therefore settled that the only uniformity contemplated in the constitutional restriction (Const., Art. V., Sec. 3) is that between those belonging to the same class (State railroad tax cases, *supra*) and it would seem almost needless to cite authorities other than *State* v. *Worth, supra,* in support of the proposition that the Legislature had the authority to delegate to the defendant the power to make such levies. Const., Art. VIII., Sec. 4.

The levy complained of was not imposed upon property but upon the business of selling second-hand clothing. Had the tax been imposed upon the clothing sold as a property tax, it must have been levied in conformity to the requirements of the Constitution both as to uniformity and

value. But it was within the sound discretion of the
municipal legislators, if they were empowered to tax the
occupation or business at all, to determine what amount
should be paid by every person belonging to a well-defined
class pointed out in an ordinance. *State* v. *Powell, supra.*
It is clear that the city had authority to " levy and collect
a license tax for the privilege of carrying on any trade,
profession or business " within the limits of the city not
only under the charter but under the general law. *State*
v. *Worth, supra ; Code,* Sec. 3800. Whatever power
the Legislature possesses under the Constitution has been
delegated to the municipality, and the question for consid-
eration here is, not whether the Court in the exercise of a
sound discretion will hold the ordinance to be just, rea-
sonable or wise, but whether resolving all doubts as to the
exercise of legislative authority by its agent as would be
done in favor of a statute enacted by the Legislature itself,
it clearly appears that the ordinance is unconstitutional.
The authority " to levy and collect a license tax for the
privilege of carrying on any trade, profession or business,"
subject to a prescribed limit as to amount, necessarily car-
ried with it by implication the power to classify the various
kinds of business, just as the Legislature might have done.
If therefore it be conceded that the Court can revise the
classification adopted by the city, when it does not appear
upon its face that there was a purpose to discriminate in
restraint of trade, there is no reason why any one of the
taxes imposed in schedule B. and C. of Chapter 116, laws
1895, of the revenue act, should not be brought before the
courts for review on the ground that it is unreasonble to
levy it on that particular class of subjects, though it be
admitted that it sometimes constitutes a distinct kind of
business, because some dealer may have chosen to make
his business more general in its character. In the absence

of any evidence of a purpose to break down the sale of this species of goods, courts are powerless.   It is the peculiar province of the Legislature to reform the laws so as to make the benefits extend to and the burdens bear equally upon all classes of people.

The plaintiff complains that in addition to the tax of four dollars per month levied upon her as a dealer in second-hand clothing, she is liable under another ordinance to a license tax of one dollar per month for the privilege of selling other general merchandise.   If the city of Wilmington would have been authorized to levy the tax imposed in *Worth's* case. upon a general merchant, notwithstanding the fact that he added to his general business that of wholesale dealer in ice, it is clear that the plaintiff could not evade a tax on one distinct business by combin_ing with it another.   Because clothing may be comprehended under general merchandise, the courts cannot question the honesty or the soundness of the discretion of the city authorities in sub-dividing a larger class of dealers into two or more, distinguished by the lines of goods sold by each.   Indeed, it is the duty of the courts to impute to all who exercise legislative authority proper motives and, as between two constructions of their legislation, to adopt, if possible, that which brings it within the purview of their powers. *State* v. *Moore*, 104 N. C, 714.   It does not seem to be contended that the municipality is attempting to exact from the plaintiff license taxes greater in the aggregate yearly amount than the limit fixed by the charter, though another ordinance provides that a tax of one dollar per month shall be imposed on general merchants and four dollars on any dealer whose business, in part or in whole, is selling second-hand clothing, since the limit applies only to the amount of any single license tax, not to the aggregate amount of two when they

are lawfully imposed. The rule laid down in *State* v. *Powell* precludes us from reviewing the exercise of the discretion in classifying those subjected to such burdens or in determining what amount shall be imposed upon each. But the Constitution of North Carolina authorizes the Legislature not only to impose a license tax upon the occupation of selling but a property tax upon the goods sold, provided the statute upon its face allows no discrimination, and subject to the same restrictions the Legislature may delegate this power to municipalities. *State* v. *Stevenson,* 109 N. C., 730.

The plaintiff, by way of recital, sets forth that the defendant has passed and has already enforced another ordinance, which imposes a fine of fifty dollars for selling or offering for sale second hand-clothing without having it disinfected by fumigation and by paying a price fixed according to the nature of the garment as set forth in the ordinance. A part of the relief asked is not only that the city authorities be restrained from collecting more than one dollar per month as a license tax but that they be restrained from exacting in future fees so large as plaintiff has paid for disinfecting the clothing now on hand. This ordinance was passed clearly in the exercise of police power claimed to have been delegated by the State, and is an assumption of authority quite distinct from the power to levy license or taxes. Though relating to the same subject matter, the validity of the two acts is in no way dependent upon the same grants of power (*State* v. *Stevenson, supra,*) and the passage of the one has no bearing upon the right to enact the other. The previous passing of the ordinance, requiring disinfection, does not tend to show that the ordinance, the enactment of which was declared in *Powell's* case to be an unreviewable exercise of sound discretion, was unauthorized. The license tax was law-

fully imposed, if the municipality was clothed with the
power to classify, and did not discriminate in the exercise
of its delegated authority.   The ordinance requiring dis-
infection was enacted ostensibly, and until direct and
unquestionable proof to the contrary is offered must be
deemed in reality to have been passed, for the protection
of the public health, " The Legislature is empowered
under the organic law in the exercise of its police power
to restrict an individual by direct enactment in the asser-
tion of such dominion or control over his own property or
premises as may result in injury to others, provided the
prohibitory or restraining statute does not upon its face
discriminate in favor of one person or class of persons
over another.   And though the law-making power can
create a municipal corporation and delegate legislative
authority to it, it cannot clothe the creature with power to
do what the Constitution prohibits the creator from doing."
*State* v. *Tenant* (28 Am. St. Rep., 716, and note) 110 N. C.,
609 ; *State* v. *Moore*, (17 Am. St. Rep., 696) 104 N. C.,
714 ; *Magler* v. *Kansas*, 123 U. S., 623.   When the muni-
cipality, however, attempts to abuse a power expressly and
rightfully gaanted to it, by restricting the dominion of the
owner over his property, not according to a rule general
and uniform in its application to a class of persons or to a
classification of property, the ordinance imposing such
restraint is unconstitutional and void.   *State* v. *Tenant*,
*supra*, and authorities there cited.   But the charter (Pri-
vate Laws 1879, Ch. 42, Sec. 18) empowers the municipal
authorities " by all needful ordinances to secure order,
health, quiet and safety " within the limits of the city.   It
was not unreasonable to require one who was engaged in
the sale of second-hand clothing to turn it over to the city
authorities to be disinfected.   It is a matter of universal
knowledge that such clothing is the means often of com-
118—7

ROSENBAUM *v.* CITY OF NEWBERN.

municating contagious and dangerous diseases, and it was but a proper and lawful use of the authority to protect the health of the community under local government of the city to use the means adopted to prevent the introduction of disease. The right to sell or to buy such articles is not an absolute one, but may be subjected to such restriction by the law-making power entrusted with the authority, as may be necessary to make its exercise consistent with the safety and security of others.

The general property tax being imposed under a distinct grant of authority must be considered separate and apart from the exercise of any other power, and, so considered, just such an ordinance as that under consideration has been declared to be in conformity with the constitutional requirements and consistent with the *ad valorem* levy on property. *Gatlin* v. *Tarboro*, 78 N. C., 119.

The plaintiff was not entitled to recover damages from the municipality for passing an ordinance in the exercise of its legislative authority as a branch of the government (*Moffitt* v. *Asheville*, 103 N. C., 237—14 Am. St. Rep., 810, and note) and cannot maintain her status in court upon any such claim as a cause of action.

The only other remedy which the plaintiff demands, and upon which she bases her claim of right to maintain the action, is an injunction against the collection of the license tax of $4 per month, and against collecting the amount now paid for disinfecting. Under the provision contained in Section 76, Ch. 119, of the Laws of 1895, the injunction will not lie to restrain the municipality unless it appear that the levy or assessment was illegal. If, as has been shewn, it was competent to classify dealers in second-hand clothing separately from vendors of other articles of general merchandise, it would follow that it was no more illegal for the city to exact one dollar per month on one class and

four·dollars per month·on another, as license tax for dis-
tinct kinds of business, than it would have been to exact
$66 per annum and an additional merchant license fee of $1
per month in *Worth's* case, had the wholesale ice dealer's
establishment constituted a part of a ge eral merchants
store, or to levy in addition to a particular license tax a
uniform *ad valorem* tax on property. *State* v. *Stevenson*,
109 N. C., 730.   The ordinance imposing a fine for failure
to have the clothing disinfected and fixing the cost of
fumigating was also within the purview of the powers of
the city, and this Court has no authority to review the
schedule of charges fixed by it.   If the municipality has
abused the powers granted, it is a grievance for which
complain tmay be made to the Legislature, whose province
it is to restrict or withdraw entirely its legislative
authority.   But it is obvious that the extraordinary power
of the courts cannot be invoked to restrain the exercise of
a discretionary Legislative power, and it is as well settled
that the action for damages at law for the alleged wrongful
exercise of such powers will not lie.   We think therefore
that there is not, in any aspect of the case, a statement of
a cause of action, since no amendment could be made
which would establish an apparent right to either a
restraining order now or a verdict for damages on the trial
of the action.   There was no error in dissolving the
restraining order.                        No Error.

FURCHES, J. (dissenting):   The plaintiff is a merchant
in the City of Newbern, carrying a stock of about $1,500,
one-tenth of which, or $150, is second-hand clothing.
The city has one ordinance taxing all merchants $1 per
month for the privilege of merchandising within its corpo-
rate limits, and another ordinance requiring all merchants
dealing in second-hand clothing to submit them to the city
authorities for fumigation to be done at the expense of the

owner, and imposing a fine of $50 if this is not done; and a third ordinance imposing another tax on dealers in second hand clothing of $4 per month.

The plaintiff claims that this legislation on the part of the city is unlawful, unconstitutional and oppressive, and brings this action to enjoin and restrain the city from enforcing these ordinances which require her to submit the clothing for fumigation, and to pay the privilege tax of $4 per month for selling second-hand clothing.

The first of these ordinances providing for fumigation, falls under the doctrine of police regulations. And it has been held at this Term in *State* v. *Taft* that second-hand clothing is not *per se* a nuisance, and their sale could not be prohibited without evidence that they were infected, or had been brought from a place known to be infected with contagious diseases. Then, under what is known in law as the power of police regulation, they might do so. And as it is known that more than ordinary danger exists in the handling and distribution of this class of goods than in first hand goods, the city or town might require them to be subjected to a process of fumigation, as a kind of quarantine and protection against this extra danger. All this is allowed under what is known as the police power of the government, city or town, and we do not see that plaintiff has any grounds to complain of the second ordinance, requiring her to submit her goods of this kind to fumigation.

But the next ordinance requiring her to pay a tax of $4 per month for the privilege of selling these goods, falls under the law of taxation. The police power of the city has nothing to do with it. The power of taxation exists in all municipal governments. They could not exist without this power. Desty on Taxation, 50. But this power is regulated and restricted by the Constitution, and also

ROSENBAUM *v.* CITY OF NEWBERN.

by the Acts creating municipalities. All taxes levied on property must be *ad valorem* and uniform. Constitution, Art. V., Sec. 3. This section also authorizes the taxation of trades, professions, &c., and does not in terms provide that they shall be uniform. But this Court in construing this section of the Constitution has held that it means, that this tax shall be uniform. *Gatlin* v. *Tarboro*, 78 N. C., 119. And the question presented is, is this a uniform tax levied for the purpose of revenue to support the City government' or is it an attempt to do by taxation what it has no right to do under its police power—destroy this business in the City of Newbern ? This is a business in which persons of small means are most likely to engage, as it does not require much capital to carry it on. And it is easy to see that a tax upon the privilege of carrying on any mercantile business, of nearly one-third of the capital per annum, will destroy it. And while it is the duty of the Court to attribute good motives to the city authorities and to put such a construction upon their legislation as to sustain its legality, if it is susceptible of such construction, it is equally the duty of the Court not to sustain them, if it appears that their acts are in contravention of the Constitution, or of well-defined personal rights. Treating this, as we must treat it, as purely an act for revenue, we cannot see why persons engaged in the sale of this kind of merchandise shall pay four times as much for the privilege, as those engaged in selling first-hand clothing.

And taking into consideration the three ordinances referred to above, it is apparent to us that the purpose of this legislation was to run this business out of the trade in Newbern, and in coming to this conclusion we do not attribute bad motives to the city fathers who passed these ordinances. We suppose they thou ht it would be a good thing

for the city to do so.    But we only hold that there are legal reasons why they cannot do so.

But is this tax uniform, as required by the Constitution, and construed in *Gatlin* v. *Tarboro, supra?*    It is seriously contended that it is, and *State* v. *Worth*, 116 N. C., 1007; *State* v. *Moore*, 104 N. C., 714, and *State* v. *Stevenson*, 109 N. C., 730, are cited as authorities to sustain this contention.    And while this case presents an interesting question, involving constitutional powers and personal rights, it seems to us that it is distinguishable from the cases cited for defendant.

*State* v. *Stevenson* was for not returning purchases as required by the revenue act, for the reason, as he claimed, that he was protected by the law of Inter-State Commerce.

*State* v. *Moore* was an indictment for selling thirteen pounds of cotton after night, without complying with the terms required by the statute and was sustained by this Court upon the ground that it fell within the lines of the police powers of the State, which we have seen have nothing to do with the case now under consideration.

*State* v. *Worth* was an indictment for violating an ordinance of the city of Wilmington, putting a tax on all manufacturers of ice, who also should have the privilege of selling at wholesale or retail.    And this Court held that the ordinance was constitutional; that manufacturers of ice were a distinct class and that the tax applied to all such manufacturers alike, and, nothing more appearing to the Court, the ordinance was sustained.    It was contended in that case that " manufacturer " was a generic term, and the same tax should be put on all manufacturers—on the shoemaker at his bench—on the manufacturer of steam engines, or of ice, to make the tax uniform.    The Court did not agree to this proposition, and it is claimed that the decision in *Worth's* case is in effect an adjudication of

this case in favor of the defendant.   We do not think so.
There must be a line drawn somewhere,  or that beneficent
provision of the Constitution requiring uniformity of tax-
ation will be emasculated and destroyed.   It may be that
*Worth's* case is as far as we ought to go.   But whether
this be so or not, there seems to be quite a distinction
between it and the one under consideration.   It is true
that " manufacturer " is a generic term, but this is subdi-
vided into many kinds of manufacturers—such as a manu-
facturer of cotton, of tobacco, steam engines, farming
implements, and so many others that the generic term,
" manufacturer," does not amount to a definition, and one
gets no definite information as to the business, in which
the party is engaged, from this general term.

It is contended that " merchant " is a generic name, and
includes all persons who buy and sell goods of any kind ;
that a man who sells liquor or drugs or horses is a mer-
chant.   So he may be in the broad " generic " sense.   But
they have another well-defined cognomen.   If you were
asked as to the business of a druggist, you would not be
likely to say he is a merchant in Raleigh ; if you were to
ask as to what business B. was engaged in, and he was a
liquor dealer, you would not be likely to say he is a mer-
chant in Morganton ; or if you were asked as to the busi-
ness of C. who owns a livery stable and buys and sells
horses, you would not be likely to say he is one of the mer-
chants of Newbern.   But if you were asked as to the
plaintiff's business, you would most likely say she is a mer-
chant in Newbern.   That would convey the business defi-
nition as to her occupation.   You would be no more likely
to go on and say that she has a mixed stock of goods of first-
hand clothing and second-hand clothing, than you would
be likely to say that Sherrill & Co., of Statesville, carry a
general line of merchandise, also ready-made clothing and

family groceries. Such definitions as these would not likely be given, unless specially called for by some one interested in knowing more about the business than simply to know whether he was a merchant.

It is admitted that in order to sustain this legislation on the part of defendant, treating it simply as a revenue act, they may make the same distinction and discrimination against any merchant in Newbern, who sells shoes as a part of his stock, or who sells tobacco as a part of his stock, or who sells first-hand clothing as a part of his stock. And without enumerating further, that they may select any article of merchandise and discriminate against the merchant who sells it 400% if they choose to do so. And it is contended there is no Constitution, no law, and no power to protect the unfortunate merchant from such unjust discrimination. We cannot give our assent to such a proposition. And as it is admitted that, unless the term " merchant " can be thus *chopped up*, the tax imposed by this ordinance is not uniform, I therefore think that there is error.

FAIRCLOTH, C. J.: I concur in the dissenting opinion.