Criminal action for willful violation of city ordinance, heard on appeal from municipal court city of Greensboro. The jury rendered a special verdict, and, upon the facts therein established, the court being of opinion that defendant was guilty, adjudged defendant guilty, imposed a fine of $100, and defendant excepted and appealed.
The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE HOKE.
The charter of the city of Greensboro, Private Laws 1911, p. 1, confers upon the municipality the power to impose a license tax upon restaurants, etc.; to define and abate nuisances, to license, tax, and regulate trades, occupations, and professions; to pass and enforce such ordinances, rules and regulations as may be necessary for the preservation of the health, convenience, good order, better government, and general welfare of the citizens, not inconsistent with the statute and Constitution of the State, etc. On the hearing, it was made to appear that an existent ordinance of the city required that the keepers (244) of restaurants, etc., should be licensed, and that persons desiring to engage in such business shall, before doing so, apply to the board of commissioners of the city, stating the place, etc., and paying for the privilege the sum of $25, etc.; that defendant had duly applied in writing to the commissioners for the privilege of conducting such a business, accompanied by a petition of certain citizens, and "that the board of commissioners of the city of Greensboro declined to issue the license as applied for, giving as their reason therefor that the place sought to be occupied, in their opinion, was not a suitable and proper place in which to conduct a restaurant; that thereafter, and after the refusal of the commissioners of the city of Greensboro to grant the license applied therefor, the defendant continued to occupy the said place and used it as a restaurant, having theretofore conducted a restaurant in the same building under a permit from the city, which permit had expired some time theretofore; that the warrant in this cause was then sworn out; that the defendant was tried and convicted before the recorder in Greensboro, and appealed to this court from said judgment."
Additional facts were found in the verdict as to the exact placing of the proposed business, tending to show that there was no good reason for denying the defendant's application on the ground of locality. *Page 199 
Upon these, the controlling facts found by the special verdict, we are of opinion that the defendant has been properly convicted. The statute is constitutional, conferring ample power, and the ordinance, applying to all alike and providing for the privilege on payment of a reasonable fee, whether regarded as a police regulation or as an exercise of the taxing power, must be held valid. S. v. Perry, 157 N.C. 661; S. v.Powell, 100 N.C. 525; S. v. Bean, 91 N.C. 554; S. v. Cohen,84 N.C. 771; In re Wilkesbarre, 103 Fed., 620. In such case, defendant, who considers that he has been unjustly treated, is not permitted to test the propriety of the commissioners' action by disobeying the ordinance. He should have applied for a mandamus for the relief, as indicated in Barnes v. Commissioners, 135 N.C. 27; R. R. v. Commissioners, 148 N.C. at p. 225, or, more simply, if the facts permitted, he should pay the moderate tax required under protest and (245) sue to recover the same as provided by the statute, Revisal, sec. 2855. Western Union v. Town of Winnsboro, 71 S.C. 231; S. v.Jamieson, 23 Mo., 30. In the case of S. v. Moore, 113 N.C. 697, to which we were referred by counsel, the ordinance itself was declared invalid; and in Yick Wo v. Hopkins, 118 U.S. 356, an authority also relied upon, not only was the ordinance held invalid as an attempt to confer arbitrary power on an administrative board, but in its practical application there was evidence of "arbitrary and unjust discrimination, founded on differences of race, between persons otherwise similar situated. " But no such conditions are presented here, where the ordinance is valid and there is no claim or finding of discrimination or bad faith. In such case the plaintiff should apply for a mandamus or, when allowed this privilege, should test the action of the city commissioners by paying the $25 demanded, after protest, and suing to recover the same, as allowed by the general statute. As said by Connor, J., in R. R. v. Commissioners, supra, recommending a proceeding by mandamus in certain cases: "We call attention to this for the purpose of suggesting that it is proper to resort to the most efficient remedy which interferes in the smallest degree with the collection of the public revenue."
There is no error, and the judgment of the Superior Court must be
Affirmed.
Cited: S. v. Sermons, 169 N.C. 288. *Page 200