## BACON *v.* CANNADY, marshal, *et al.*

Under the evidence introduced on the hearing of the application for an interlocutory injunction, the plaintiff was not subject to a specific municipal tax either as conducting a place "where mercantile trade is carried on," or as an "agent," under the amended charter of the Town of Guyton (Acts 1911, p. 1280). The refusal to grant the injunction prayed was error.

NOVEMBER 12, 1915.

Petition for injunction. Before Judge Sheppard. Effingham superior court. April 20, 1915. ·

*C. T. Guyton,* for plaintiff. *J. H. Smith,* for defendant.

LUMPKIN, J. D. C. Bacon filed his equitable petition against the marshal and the mayor and aldermen of the Town of Guyton, seeking to enjoin the enforcement of an execution issued against him. The record is not very specific as to the ordinances of the town, nor does the execution show on its face that it was issued for a license tax. But it has been so treated by both parties. The defendants rely, for their authority to enforce the tax, upon a provision contained in section 1 of the act of August 19, 1911, amending the charter of the Town of Guyton (Acts 1911, p. 1280). This reads as follows: "The mayor and aldermen are hereby authorized to levy and collect a specific or license tax on places in the Town of Guyton where mercantile trade is carried on, and on agents and agencies in said town; provided, not more than twenty-five dollars shall be required on any one place for one specific or license tax, nor shall any taxes be required for the sale of articles produced by the seller or on the farm of the same." Bacon denied that under this clause of the charter he was liable for the specific or license tax sought to be enforced against him. In the answer of the defendants it is alleged, that Bacon has a large "poultry farm" located in the Town of Guyton; that he operates a large incubator or "hatchery," with a capacity of five thousand eggs; "that he hatches chickens for the general public," who bring him eggs for that purpose; that he charges for the hatching so much per egg, or so much per incubator tray; that he sells "day-old chicks," and raises fancy and expensive chickens for poultry-show exhibition and sale, as well as common stock for ordinary use; that he raises chickens for ordinary market use; and that most of his sales are made outside of the Guyton market. They introduced evidence in support of the

allegations of the answer as just recited. The presiding judge denied the injunction, and the plaintiff excepted.

As will be seen, the charter of the Town of Guyton authorized the mayor and aldermen to levy and collect a specific or license tax on places in the Town of Guyton, "where mercantile trade is carried on, and on agents and agencies in said town," with a proviso which will be presently considered. A merchant is generally defined to be one who is engaged in buying and selling goods, wares, or merchandise for gain or profit. Rosenbaum v. Newbern, 118 N. C. 83 (24 S. E. 1, 32 L. R. A. 123) ; Galveston Co. v. Gorham, 49 Tex. 285; 5 Words & Phrases, 4482. And "mercantile" is defined as pertaining to merchants, or the business of merchants. 5 Words & Phrases, 4477. The evidence does not show that the plaintiff was a merchant, or that he conducted a place where mercantile trade was carried on. That by means of an incubator he hatched eggs for various people, charging them for the service, did not render him an agent, or the conductor of an agency for the owners of the eggs. Still further, the charter of the town declares that no taxes shall be required for the sale of articles "produced by the seller or on the farm of the same." If the plaintiff, in a somewhat liberal use of language, could be called the producer of chickens, it was alleged in the answer of the defendants that he conducted a "poultry farm," and the chickens would be produced on the farm. So that, in any view which can be taken of the case, he was not subject to be taxed under the section of the charter on which the defendants rely for authority. The only point discussed by counsel was the authority of the mayor and aldermen to levy the specific tax on the plaintiff in error.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*