Daniel, Judge.
 

 — The first count in this indictment, is predicated on the second section of the act of 1791,
 
 {Rev. ch.
 
 339,) which declares, “ that if any person or persons, shall,
 
 on purpose,
 
 unlawfully bite or cut off an ear,” &c.
 
 “
 
 with intent to disfigure such person,” &c., shall, on conviction, be imprisoned six months, and fined at the discretion of the Court. The count does not set forth that the defendant did
 
 on purpose
 
 unlawfully bite off the ear of the prosecutor. The words,
 
 on purpose,
 
 are in part descriptive of the offence created by the statute. The Court cannot pronounce the judgment demanded by the statute, unless the offence is completely described.
 
 Lembro
 
 and
 
 Hamper,
 
 Cro. Eliz. 147, were indicted for perjury upon the 5 Eliz. c. 9. Exception was taken to the indictment in that it was
 
 ¡falso et corruptive deposuere,
 
 but not
 
 volun-tarle;
 
 and although at the end of the indictment it is,
 
 et sic volunlarium commissere perjurium.,
 
 yet this doth not help it; and for this cause the defendants were discharged. When an indictment is formed upon the statute of Charles 2d, it must pursue the words of the statute, and allege the offence to be
 
 on purpose,
 
 &c., and that the act was done with the intent to maim and disfigure. 1 East’s Crown L. 402;
 
 Carrol’s case,
 
 1 Leach, 66. So under the statute 9 George 1st, c. 22 (commonly called the Black Act), w'hich enacts, that “ if any person or persons shall wilfully and maliciously shoot any person in any dwelling-house or other place,” &c. the indictment must pursue the words of the act, and charge the offence to be done “ wilfully and maliciously,” as well as feloniously. In
 
 Davies’ case,
 
 it w'as laid to be done “ unlawfully, maliciously and feloniously,” omitting
 
 wilfully,
 
 and held ill by a majority of the Judges, who considered the words “ wil-fully and maliciously” as in part descriptive of the offence. 2 Leach, 556; 1 East’s C. L. 414, 415;
 
 State
 
 v.
 
 Martin,
 
 
 *121
 
 3 Dev. 329. In the case of the
 
 State
 
 v.
 
 Evans,
 
 1 Hay. 281, the indictment charged that the said Evans
 
 on purpose,
 
 unlawfully did bite off the forefinger of the right hand of the prosecutor, with intent, &c. I admit that it is difficult to perceive, how it is possible for one person unlawfully to bite off another’s ear, and at the same time not purpose to do it. But as there are several other offences besides this, mentioned in the same section, either of which could very possibly be unlawfully committed, without
 
 purposing
 
 the act, we think the rule and decisions should be uniform in each and every case that can arise under the section; therefore we are of opinion, that the Court did right in arresting the judgment on the first count.
 

 We have examined the second count, and are unable to discover that it is defective. Nor do we discover upon the whole record any defect for which the second count should be arrested. The first count’s being defective is no reason for arresting the judgment upon the second count. 1 Chitty Crim. Law, 249; 1 Bos. & Pul. 187; 1 Salk. 384.
 

 Per Curiam. Judgment affirmed.