## L. J. SCHAUL & CO. v. CITY OF CHARLOTTE.

*License · Tax—Pawnbrokers — Charter of City of Charlotte.*

1  The proper procedure to test the validity of a tax is to pay it and sue to recover it back.

2. The charter of the City of Charlotte, by Sec. 37, which provides : "Taxes for city purposes shall be levied on real and personal property, trades, licenses and other subjects of taxation as provided in Sec. 3, Art. v., of the State Constitution," authorizes a license tax of $250 per annum on the business of pawnbroking.

2. There is a great difference between the terms "broker" and "pawnbroker." A broker is an agent, middleman or negotiator who works for a commission. A pawnbroker is not an agent at all. He is one who lends money upon personalty pledged as security.

4. Brokers and pawnbrokers constitute distinct classes, and entirely different license taxes may be assessed upon them.

CIVIL ACTION, tried before *Bryan, J.*, at MECKLENBURG Superior Court, January Term, 1896.

There was judgment for the defendant. Plaintiffs appealed. The facts appear in the opinion of the Court.

*Messrs. Clarkson & Duls*, for plaintiffs (appellants).
*Messrs. Burwell, Walker & Cansler, contra.*

CLARK, J. : The City of Charlotte having laid a license tax of $250 on the business of pawnbroking, in which the plaintiffs were engaged, they followed the proper course to test the validity of such tax by paying it and bringing this action to recover it back.

The plaintiff contends that the tax is invalid because the charter of the city, ratified 10th March, 1866, (Private Laws 1866, Ch. 7, Sec. 19, Subdiv. No. 13,) authorizes,

" On every broker or exchange office a tax not exceeding one hundred dollars." This point, however, will not avail the plaintiff for two reasons. First, the charter granted the City of Charlotte (Private Acts 1881, Ch. 40, Sec. 37) expressly provides : " Taxes for city purposes shall be levied on real and personal property, trades, licenses, and other subjects of taxation as provided in Section 3, Art. v., of the State Constitution." Section 57 of this act repeals all laws in conflict therewith. This Act of 1881 confers upon the town broadly, without restriction, the right to decide what trade and license taxes it shall levy, and necessarily repeals as to " brokers " the limit of $100 existing under the charter of 1866. There is no contention here that $250 is a license so unreasonable in amount as to call for the supervision and protection of the courts. Secondly, even if the charter of 1881 had not repealed the above limitation upon the tax to be levied upon " brokers," the plaintiff could not have claimed protection under it. " Pawnbrokers " is an entirely separate and distinct business and does not come under the generic title "broker." The word "broker," derived from an Anglo-Saxon word signifying " to use," primarily means an *agent*. It means in law a middle-man, or negotiator, between other persons, for a compensation called *brokerage*, who takes no possession of the subject matter of negotiation, and usually contracts in the name of those employing him, and not in his own name ; and sometimes it means, in ordinary speech, a dealer in money, notes, bills of exchange, &c. A pawnbroker has none of the characteristics of either kind of brokers. Indeed, he is not an agent at all. He contracts in his own name, has no employer, charges no brokerage, and always takes possession of the property ; neither does he deal in money, notes and bills of exchange, like the second class of brokers above named. In short, his busi-

ness is to loan money on the security of personal property pawned or left with him. The business of a pawnbroker is not in the same ·class with and has no resemblance to that of a broker, in either sense of the latter word. The verbal coincidence of the last two syllables of the longer word being " broker " is purely fortuitous, for a pawnbroker is not a broker at all. The two businesses constituting separate and distinct classes, it would be competent for the city authorities to lay an entirely different license tax upon " pawnbrokers " and " brokers." *Rosenbaum* v. *City of Newbern*, at this Term.

No Error.