HOWELL COBB v. COMMISSIONERS OF DURHAM COUNTY.

(Decided May 24, 1898.) ,

*Corporation—Franchise—Taxation— Privilege Tax—
Uniformity of Taxation.*

1. The franchise tax imposed by Section 37, Chapter 168, Acts of 1897
   (Revenue Act) upon every corporation doing business in the State
   is a tax upon the privilege of being a corporation, and its payment
   does not relieve it, or its lessee, from the payment of a tax imposed
   upon the privilege of carrying on the particular kind of business
   for which the corporation was chartered; hence,

2. Where a corporation chartered for the purpose of owning and con-
   ducting a hotel has paid the franchise tax imposed by Section 37
   of the Revenue Act of 1897, the lessee of such corporation is not
   relieved thereby from paying the tax imposed by Section 35 of
   said Revenue Act upon the business of conducting a hotel.

3. Under the provisions of Section 35, Chapter 168, Acts of 1897 (Reve-
   nue Act) hotels whose gross receipts are between $1,000 and $2,000
   inclusive, per annum, must pay a tax of $10, and hotels whose
   gross receipts are over $2,000 must pay a tax of one-half of one per
   cent. upon such gross receipts.

4. A tax is uniform and consistent with the Constitution when it is equal
   on all persons in the same class, and hence the graduated tax im-
   posed on hotel keepers by Section 35 of the Revenue Act of 1897,
   which exempts from taxation those whose yearly receipts are less
   than $1,000, is not unconstitutional.

CONTROVERSY submitted without action to test the
validity of Section 35, Chapter 168, Acts of 1897, and
to restrain the defendants from collecting the tax
therein imposed, heard before *Robinson, J.,* at January
Term, 1898, of DURHAM Superior Court. His Honor
granted the injunction prayed for and defendants ap-
pealed.

*Messrs. Guthrie & Guthrie* and *Boone & Bryant* for
plaintiff.

*Messrs. Manning & Foushee* and *Cook & Green* for defendants (appellants).

MONTGOMERY, J.: The Carr-olina Hotel Company, a company duly incorporated by the General Assembly of North Carolina, has paid for the year 1897, the tax of one hundred dollars imposed upon its franchise, as a corporation, according to the amount of its capital stock, under Section 37, Chapter 168 of the Laws of 1897. The sheriff of the county has, in addition to that tax, demanded of the plaintiff, who is the lessee of the Hotel Company, the license tax of ten dollars imposed under the provisions of Section 35 of the Act and one-half of one per cent. on all gross receipts by the lessee plaintiff from the hotel business over and above two thousand dollars for the privilege of carrying on the business of hotel keeper during the same year 1897. Upon a case agreed his Honor, being of the opinion that the plaintiff lessee was not liable for the last mentioned tax imposed under Section 35, and that the same was illegal, ordered that the collection of the tax from the plaintiff be perpetually enjoined and that the sheriff do not report the plaintiff as a delinquent to the proper authorities. The plaintiff's first ground of resistance of the tax is that, because the Hotel Company has paid the tax imposed upon the corporation under Section 37 of the Revenue Act, he cannot, therefore, be compelled to pay the tax imposed under Section 35 for the privilege of conducting the business of a hotel keeper; that is, that the payment of a tax on the corporation carries with it the privilege of conducting the hotel business without the payment of a license tax for the conducting of the same. The question for decision, then, on that point, is, Is it lawful

for the General Assembly to impose a tax on the franchise of a corporation simply as a privilege tax for being a corporation, and at the same time to impose a tax for the privilege of conducting the business contemplated by the charter of the corporation: and, if lawful, has the Legislature in Section 35 imposed the tax on the business and in Section 37 the tax on the corporation? We are of the opinion that both taxes are lawful, and that the General Assembly in the sections above referred to has imposed them.

There are many advantages, in a business way, accruing to those persons who associate themselves in the formation of private corporations, and for such benefits and advantages the State has the right to receive in return compensation in the way of taxes for the privileges conferred. As was said by the Supreme Court of the United States in the case of *The Home Insurance Co.* v. *New York*, 134 U. S., page 594:

"By the term, 'corporate franchise or business,' as here used, we understand is meant . . . . the right or privilege given by the State to two or more persons of being a corporation, that is, of doing business in a corporate capacity, and *not* the privilege or franchise which, when incorporated, the company may exercise. The right or privilege to be a corporation, or to do business as such body, is one generally deemed of value to the corporation or it would not be sought in such numbers as at present. It is a right or privilege by which several individuals may unite themselves under a common name, and act as a single person with a succession of members, without dissolution or suspension of business, and with a limited individual liability. The granting of such right or privilege rests entirely in the discretion of the State, and, of course, when granted, may be ac-

companied with such conditions as the Legislature may judge most befitting to its interest and policy. It may require as a condition of the grant of the franchise, and also of its continued exercise, that the corporation pay a specific sum to the State each year or month, or a specific portion of its gross receipts, or of the profits of its business, or a sum to be ascertained in any convenient mode which it may prescribe."

The counsel of the plaintiff called our attention to Section 1, Schedule B of the Revenue Act, which reads "That the taxes in this schedule shall be imposed as a license tax for the privilege of carrying on the business or doing the act named." But this plainly has reference to the right to tax the various trades and professions named in the Act in addition to the right to tax *property*, for in the same section it is declared that "nothing in this Schedule contained shall be construed to relieve any person from the payment of the *ad valorem* tax on his property as required in the preceding (A) schedule; and besides, the intention of the Legislature is made manifest by the following language used in Section 38; "Every person who shall practice any trade or profession *or use any franchise* taxed by the laws of North Carolina, without having paid and obtained a license as required in this Act, shall be deemed guilty of a misdemeanor . . . . " If the owners of the stock of the Hotel Company had not had themselves incorporated the tax mentioned in Section 37 could not have been imposed, and the license tax on the business of hotel keeping under Section 35 would have been the only privilege tax that could have been laid by law. The other point of resistance to the license tax imposed by Section 35 is that it is opposed to Section 3 of Article V of the Constitution of North Carolina in that it makes

a discrimination among persons engaged in the same class of business. The language of Section 35 is as follows: "On all hotels, boarding or lodging houses, restaurants, or eating houses of any kind . . . . whose gross receipts are over one thousand dollars and less than two thousand dollars, the sum of ten dollars and one-half of one per centum on all gross receipts over and above two thousand dollars." We agree with the counsel that the syntax of the sentence is not of the highest order, but still we think that its reasonable and fair construction is that on all hotels whose gross receipts are between $1,000 and $2,000, inclusive of both, there is laid a license tax of ten dollars; and on those hotels . . . . whose gross receipts are over $2,000 a tax of one-half of one per cent. on such gross receipts.

The counsel of the plaintiff, at one time, argued that, as nothing was said in so many words in the section about that class of hotel keepers whose gross receipts were less than one thousand dollars, therefore that class could not be included in the Act; and 'that, as those whose receipts were over $2,000 were not embraced, according to a reasonable construction of the language used, there was therefore left for taxation only one class, viz: those whose incomes were between $1,000 and $2,000, and that, as a consequence, they were discriminated against in the Act. But the irresistible inference from the imposition of taxes upon those hotels, etc., whose gross receipts amount to $1,000 or more is that the hotels whose gross receipts are less than $1,000 are exempt from the payment of the license tax; and in such exemption the plaintiff's counsel insisted that there was a discrimination between those engaged in the same business. But when the counsel came down to the real point in the case, that is, whether the

exemption of hotels whose gross receipts did not amount to $1,000 and the taxing of others whose receipts were more than $1,000, he had to admit that the Act exempted the former from the payment of the tax. On this point in our minds there is no doubt that the General Assembly may in its discretion impose either a specific tax or one graduated to the extent of the business done—the gross receipts derived from the business. *State* v. *Powell,* 100 N. C., 525, and that such tax is uniform and consistent with the Constitution when it is equal on all persons in the same class. *Gatlin* v. *Tarboro,* 78 N. C., 119. But in our case the additional element enters of an exemption from the operation of the general rule of certain hotels whose yearly receipts are less than a certain amount. We have no decisions on the question, but we are of the opinion that the General Assembly has the right to make such an exemption, provided the exemption is not palpably against the spirit of the Constitution.

In Cooley on Taxation, p. 170, 172, the author says:

"Every statute for the levy of taxes is, in a sense, a statute making exemptions, that is to say, it leaves many things untaxed which it would be entirely competent to tax if the Legislature had deemed it wise or politic. In each case there is such selection of subjects as the Legislature's wisdom has determined upon, and the determination is conclusive. When, however, the selections have been made, and the general rule determined upon, it has been customary for the Legislature to make certain exemptions of either persons or property coming within the general rule, but which for reasons of general policy it is deemed wise not to tax. Some of these, such as the exemption of household furniture, tools of trade, etc., and the limited personal

property which very poor persons may be possessed of, are to be looked upon rather as in the nature of limitations of the general rule, than as exceptions from it; the taxation being only of all that is possessed over and beyond what has been left out as absolutely needful to the owner's support."

It may be of interest to observe that in the case of *Hyde* v. *Trust Company*, 15 U. S., 673, the question as to whether the exemption of income less than $4,000, invalidated the tax is not decided, the Court was equally divided. And on the rehearing of the case, 158 U. S., 601, no reference was made to the point.

There was error in the judgment of the Court below and the same is reversed.

Reversed.