CALDWELL LAND AND LUMBER COMPANY v. JOHN M. SMITH.

(Filed 29 September, 1909.)

1. **Taxation—Notice—Hearing—Procedure.**

The plaintiff having been afforded an opportunity to be heard before the assessment of its property for taxation should become fixed, as directed in a former appeal (s. c., 146 N. C., 199), the question of proper notice is not material on this appeal.

2. **Taxation—Domestic Industrial Corporations—Corporation Commission—Notes—Solvent Credits.**

When a domestic industrial corporation has paid its taxes on its capital stock for the year 1902-'03, assessed in accordance with the report of the treasurer and auditor of the State transmitted to the board of commissioners of the county, pursuant to law as it then existed, the said commissioners cannot lawfully assess for taxation a note held by the corporation, upon the ground that it was a solvent credit, as such was included and considered by the treasurer and auditor in the values determining the full value of the capital stock; and subject to a stated right of exception and appeal to the courts, their estimate forms the only basis of assessment for taxation, and any other or further imposition of taxes on this portion of their assets is forbidden. The Revisal substantially confers the former powers and duties of the State Auditor and Treasurer on the Corporation Commission. (The Revisal upon this subject and Revenue Act of 1909 discussed and interpreted by HOKE, J.)

3. **Taxation—Legislative Powers—Acts Directory—Positive Requirements.**

Subject to well recognized constitutional restrictions, the Legislature has plenary power, in matters of public taxation, to designate the property, fix the rate and establish the methods of collection; and while many of the regulations affecting these methods are regarded as directory, this does not permit or sanction a procedure in direct contravention of a positive and essential legislative requirement respecting them.

4. **Taxation — Legislative Powers — Domestic Industrial Corporations—Solvent Credits—Corporation Commission—Class Legislation—Constitutional Law.**

The provisions of the Revisal and Revenue Act of 1909, for the assessment of the capital stock of domestic industrial corporations by the Corporation Commission, formerly incumbent on the State Auditor and Treasurer, are not in violation of the Constitution, as the Commission is directed to include in its estimate of the value placed upon the capital stock, every asset, solvent credit or investment, embracing the surplus, undivided profits, etc., and such method is not therefore prohibited as class legislation.

APPEAL from *Murphy, J.,* November Term, 1908, of CALDWELL.

Civil action to restrain the collection of a tax alleged to be illegal, a jury trial having been formally waived by the parties.

On the hearing it appeared that plaintiff was a domestic industrial corporation, having its principal place of business in Lenoir, Caldwell County, N. C., and the defendants were the sheriff and board of commissioners of said county; that, under the Machinery Act of 1907, the commissioners of Caldwell County, acting under the impression that plaintiff, during the years 1902 and 1903, held a solvent credit, subject to taxation at and in said county, same being a note of $417,750, and that same had not been listed nor any tax paid thereon, entered the note, to the amount indicated, on the tax list, and assessed the plaintiff for taxation thereon for the said years, in the sum of $7,655.16; and the defendant, John M. Smith, sheriff and tax collector of said county, in enforcement of this claim, had levied on plaintiff's property and was proceeding to sell the same when stayed by order of court issued in this cause. This alleged solvent credit was a note, to the amount stated, given to plaintiff by George O. Shakespeare, as part of the purchase money for certain lands in Caldwell County, which had been conveyed to said Shakespeare by plaintiff company, and was secured by a mortgage to the company on the lands so conveyed; that the plaintiff company had paid tax on its capital stock for the year 1902, assessed in accordance with the report of the Treasurer and Auditor of the State, transmitted to the board of commissioners by said officers, pursuant to the law as it had then existed, but had paid no such tax in the county for the year 1903, and in neither year had this note and mortgage been listed as a separate item of taxation, nor any tax paid thereon as such.

There was evidence on part of plaintiff tending to show that the note of $417,750 was not a solvent credit to anything like the amount of its face value, and that the company was indebted in a considerable sum, which is claimed should be deducted in case the note could be lawfully listed against it; and, further, that the tax on the land embraced in the mortgage had been paid for both years.

The court, being of opinion that the commissioners of the county had no power to list the note for taxation, and that the tax assessed against plaintiff by reason of same was illegal, gave judgment perpetually restraining the county officials from collecting the tax, and defendant excepted and appealed.

*Jones & Whisnant* and *W. C. Newland* for plaintiff.
*Mark Squires, M. N. Harshaw* and *Lawrence Wakefield* for defendant.

LAND COMPANY *v.* SMITH.

HOKE, J., after stating the case: On a former appeal in this cause (*Lumber Co. v. Smith,* reported in 146 N. C., 199) it was held that, on an assessment of the kind indicated here, the party affected was·entitled to notice, and, in the absence of such notice, should be afforded opportunity to be heard before the assessment should become a fixed and final charge upon his property. This opportunity having been allowed on the trial below, the question of proper notice is no longer material. *Kinston v. Woolen,* 150 N. C., 295, citing *Davidson v. New Orleans,* 96 U. S., 104. And on the merits of the controversy we fully concur in the decision of the judge below, to the effect that a domestic industrial corporation is not now required to list its mortgages, bonds or other securities ·as separate items of taxation, but values arising from these sources are· all to be included and considered in the assessment of its capital stock, referred by the statute, as it then stood, to the State Auditor and Treasurer, changed to the Corporation Commission by the Revenue Acts of 1909, and that the assessment imposed upon the plaintiff in this instance, by reason of the note of $517,750, was without warrant of law, and its collection was therefore properly enjoined.

Subject to certain well-recognized constitutional restrictions, the Legislature undoubtedly has plenary power in this matter of public taxation, both in designating the property, fixing the rate and establishing the methods of collection. *Commissioners v. Tobacco Co.,* 116 N. C., 441. And, while regulations affecting these methods are many of them regarded as directory, such a position does not permit or sanction a procedure in direct contravention of a positive and essential legislative requirement. And we are of opinion that a perusal of the statutes in the Revisal of 1905 concerning the revenue, this being in all respects substantially similar to the law as it prevailed at the time, notably sections 5108, 5270, 5274, leads clearly to the conclusion that all the intangible property and assets of these industrial corporations should be included and considered in estimating for taxation the value of their "capital stock"; that this duty has been referred by the law exclusively to the Corporation Commission (at that time to the State Auditor and Treasurer), subject to a stated right of exception and appeal to the courts, and their estimate forms the only basis of assessment for taxation, and any other or further imposition of taxes on this portion of their assets is forbidden.

As heretofore stated, the powers and duties relevant to the inquiry, which were conferred and imposed by the Revisal on the State Auditor and Treasurer, have, by a subsequent statute (Revenue Acts of 1909), been transferred to the Corporation

Commission, and this body will be hereafter named in reference to them. Under section 5270, "Every domestic industrial corporation of the State is required annually to make report to the Corporation Commission, giving the data from which a correct estimate of the capital stock may be made; and the president, treasurer or other accredited officer of the corporation must himself, under oath, make an estimate and appraisement of the 'capital stock of the company' at its actual value in cash on the first day of June, 1909, after deducting therefrom the assessed value of all the real and personal estate upon which the corporation pays tax," and forward same to the commission. On the coming in of this report, if the commission, or either of them, is not satisfied with the appraisement and valuation, they are authorized and directed, on the facts contained in the report, "or upon any information in their possession," to make their own appraisement, subject to the right of the corporation to except and appeal to the court as stated. If any corporation fails or refuses to make the report indicated, provision is further made in this section for the commission, of their own motion, to make the appraisement required.

Under the powers conferred by this statute, and others in the Revisal, of cognate nature, notably sections 1119 *et seq.,* constituting the Corporation Commission "State Tax Commissioners," that body has prepared and supplied a form adequate and comprehensive and specifying with great minuteness every kind and description of property which belongs to the corporation or which constitutes an asset which reasonably tends to enhance its value. Among many other things, this report is to include a statement as to the par value of the stock, the amount paid in on each share, the market value of same, the price obtained on any sales of stock which may have been made within the past year, any dividends paid during that period, and the amount of same; also the surplus and undivided profits, together with the assessed value of real and personal property of the corporation listed with local assessors. And the commission, after giving full and fair consideration to all the evidence contained in the report or otherwise possessed by them, and tending to aid them to a just conclusion, shall determine the proper valuation of the corporate property and assets, termed for the purpose of these statutes the "capital stock," and then, as required by the law, deducting the tangible real and personal property of the company which, as noted, is to be listed in the proper county, the remainder constitutes the appraisement upon which further taxation is to be assessed, either for State or local purposes. Having ascertained and decided on the appraisement which includes

all the corporate assets, except the tangible real and personal property, and assessed the tax thereon due the State, the commission must notify the corporation of the amount due for State purposes, and, under section 5108, this amount must be remitted direct to the State Treasurer; and, under section 5274, the commission is further required to certify the amount of the appraisement to the register of deeds of the county in which the corporation has its principal office or place of business, "and the corporation, joint stock association, etc., shall pay the county, township, town or city taxes upon the valuation so certified." A similar provision will be found in the Machinery Act of 1909, sec. 37. This amount having been ascertained and determined, under the methods indicated, section 5108 provides that no individual stockholder in a corporation, joint stock association, etc., thus paying tax on his capital stock shall be required to pay any tax on said stock or list the same; and both sections 5108 and 5270 contain the provision that "all corporations, joint stock associations, etc., thus paying tax on capital stock shall not be required to make any report or pay any further tax on mortgages, bonds or other securities or credits held by them in their own right." And as tending to further confirm the interpretation placed upon the statute, section 5108 provides, further, "but such corporation, etc., holding such mortgages, credits, etc., as executors, trustees or guardian shall return and pay tax on these securities as in the case of individuals," giving clear indication that when not held as trustees, etc., these intangible assets shall only be taxed as a component part of the capital stock, and not otherwise. Substantially the same method of taxation is applied to most of the public-service corporations doing business in this State, as telegraph companies, under section 5276, subsection 5; telephone companies, section 5277, subsection 5; express companies, section 5278; sleeping-car companies, section 5379, subsection 5; street railway companies, sections 5281-5284.

In assessing railroad property, local officers only list and assess such property as is off the right of way. All other property, real and personal, is assessed by the Corporation Commission. Sections 5290, 5291, 5292, 5293; *Railroad v. New Bern,* 147 N. C., 165.

There is some slight change in the case of banking corporations. Revisal, sec. 5267; Laws 1909, sec. 33. In the case of banks, their realty is listed in the county, and, on report made as required by this section, the value of the shares is appraised and determined by the commission, and this, with the sworn list of shareholders, is certified by the commissioners to the county authorities, to the end that the proper amount of tax may be

assessed against the individual holders of same. This is done in order to conform the taxation of all banks to the method permissible in the case of national banks, and in order to make the taxation equal and uniform throughout the State on all institutions of that class. There is much to be said in support of·the scheme of taxation contained in these statutes, tending as it does to uniformity and consistency of rulings on the various and important questions presented; and under an intelligent and conservative administration the law is proving itself to be a satisfactory and workable system. These are matters, however, more properly for legislative consideration, and are therefore not dwelt upon, the only question for us being as to the power of the Legislature to enact the law and its correct interpretation.

It is objected that, under the construction adopted, the statute violates the provision of the Constitution requiring that all solvent credits shall be taxed; but, as we have endeavored to show, every asset, solvent credit, investment, etc., is included in the estimate of value placed upon the capital stock. As heretofore stated, the entire corporate property and assets are included, embracing the surplus, undivided profits, etc.

The note in controversy here is, or should have been, included in the valuation of the capital stock of the company; and one of the advantages incident to the method adopted is that in this way double taxation is avoided. The facts are therefore against the defendants on this position.

It is further urged that the statute, so construed, violates the principle of uniformity required by the Constitution in the imposition of public taxes, but the authorities do not sustain this position. The power of the Legislature in this matter of classification is very broad and comprehensive, subject only to the limitation that it must appear to have been made upon some "reasonable ground—something that bears a just and proper relation to the attempted classification, and not a mere arbitrary selection." And under numerous and well-considered and authoritative decisions the classification made in this instance must be upheld and approved. *Lacy v. Packing Co.,* 134 N. C., 567; *State v. Stevenson,* 109 N. C., 730; *State v. Powell,* 100 N. C., 525; *Gatlin v. Tarboro,* 78 N. C., 119; *State Railroad Tax Cases,* 92 U. S., 575.

If the plaintiff corporation has escaped taxation for the year 1903, and the right of collection is not barred by lapse of time, the collection of the proper tax may no doubt be enforced, but the claim must be established in a proper way, by an appraisement and assessment of the capital stock of the company; and there is no authority or sanction for listing the note in controversy as a separate item for taxation.

We are of opinion, and so hold, that the listing and assessment of the note in question and the imposition of the tax thereon were without warrant of law, and the collection of the same has been properly restrained.

Judgment affirmed.