J. M. DALTON, CHAIRMAN BOARD OF ROAD TRUSTEES OF COWEE TOWNSHIP, *v.* GEORGE C. BROWN & CO. (INC.).

(Filed 28 May, 1912.)

1. Taxation—Occupations—Class Legislation—Legislative Powers—Constitutional Law.

The only constitutional restriction upon the power of the Legislature in classifying vocations and laying a tax of a different amount upon the different occupations is that the tax shall be uniform upon all in each classification.

2. Same—Highways—Heavy Hauling—Lumber Companies.

An act authorizing a levy of a tax of two cents per mile on each 1,000 feet of mill logs, lumber, or other heavy material hauled by "any lumber company, corporation, person or persons engaged in the lumber business" and using the public roads of a certain county, is not the levy of a property tax, which is required to be uniform and *ad valorem*, but a taxing of a particular vocation, which is uniform in its application to that class, is without discrimination therein, and not in contravention of the fourteenth amendment of the Federal Constitution, or of Art. V, sec. 3, and Art. I, sec. 17, of the Constitution of North Carolina.

3. Same—Reports—Penalty Statutes.

A valid legislative enactment authorizing the levy of a tax upon those using the public roads of a certain county for hauling mill logs, etc., thereon, of two cents per mile on each 1,000 feet thereof, is not unconstitutional in its requirement that those thus using the roads make a report upon which the proper amount of taxes may be collected, and imposing a penalty of $10 a day for each day they fail to make the report; and it being within the power of the Legislature to require them to make such report, the penalties incurred are enforcible.

**4. Courts — Judicial Notice — Highways—Heavy Hauling—Lumber· Companies.**

The courts will take judicial notice of the fact that lumber companies and others engaged in the lumber business do greater injury to the public roads used by them than is done by the ordinary use.

**5. Same—Taxation—Equality.**

A tax of two cents per 1,000 feet for the use of the public roads of a certain county by those hauling mill logs, etc., thereon is held in this case to be reasonable and just, and within the legislative power to authorize its collection in equalizing the burdens of taxation with the other users of the roads who do less injury to them, and thus provide a fund for their repair.

**6. Same—Legislative Powers—Police Powers—Constitutional Law.**

The levying of a tax upon those hauling mill logs, etc., upon a public road of a certain county is within the discretionary power of the Legislature, and comes within its police power, with which the fourteenth amendment to the Federal Constitution does not interfere.

BROWN, J., dissenting; ALLEN, J., concurring in the dissenting opinion.

APPEAL by defendant from *Lane, J.,* at Spring Term, 1912, of MACON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*J. F. Ray, Johnston & Horn for plaintiffs.*
*T. J. Johnston for defendants.*

CLARK, C. J. Chapter 115, Public-Local Laws 1911, entitled "An act to provide a better system for working and keeping up the public roads of Macon County," is a substitute for the former system of working the roads in that county. Section 15 of said chapter provides: "Any lumber company, corporation, person or persons engaged in the lumber business and desiring to use any of the public roads of any of the townships of Macon County for the purpose of carrying on its or their business of hauling, either by itself or themselves, or by hiring or contracting with other persons, mill logs, lumber, or other heavy material with log wagons, log carts, or other heavy ve-

hicles, shall pay a license or privilege tax of two (2) cents per mile on each 1,000 feet of mill logs, lumber, or other heavy material so hauled."

Then this section provides that such corporations, firms, or persons shall make a monthly report to the road trustees of the amount of feet hauled each month, and a penalty of $10 per day for each day they fail to make report, etc.

This action was begun before a justice of the peace for accumulated penalties aggregating $50 for failure to make the monthly reports required by the statute. On appeal to the Superior Court by the defendant from the judgment of $50 imposed by the justice, the defendant filed a written demurrer alleging that the statute was unconstitutional because in violation of the fourteenth amendment and in violation of the Constitution of North Carolina, Art. V, sec. 3, which requires taxation by uniform rule of all property, and also because in violation of Article I, sec. 7, of the State Constitution, which prohibits special privileges, and also in violation of Article I, sec. 17, which prohibits the deprivation of life, liberty, or property except by the law of the land.

The demurrer was overruled. The only point actually presented is as to the power of the Legislature to require reports by lumber companies of the quantity of lumber hauled by them each month over the roads of Macon County. The statute expressly provides this penalty for failure to perform that duty. The failure to pay is made a misdemeanor subject to a fine of $50, and the civil action for failure to make the report is expressed to be in addition to the fine for failure to pay. There can be no question as to the right of the Legislature to require such report. The State is certainly sovereign as to the regulation of its dirt roads. *S. v. Sharp,* 125 N. C., 632; *S. v. Wheeler,* 141 N. C., 776. This would dispose of this appeal. But the question was debated before us upon the broader proposition, whether the act was unconstitutional by reason of the tax being a discrimination and therefore in violation of the constitutional provisions referred to in the demurrer.

It is a matter of common knowledge that lumber companies and others engaged in lumber business do great injury to the

159—12

public roads. The Legislature deemed it unjust to make the owners of farm land and free labor pay road tax and work the public roads and then to allow lumber companies and others hauling lumber to cut them to pieces without any remuneration or any legal method provided to make them bear an adequate proportion of the burdens. It does not appear upon the face of the act, which is all that is before us upon this demurrer, that there is any other business carried on in that community which would tend to cut up the roads as the hauling of lumber is calculated to do. But even if this did appear, the Legislature can classify vocations and lay a tax of a different amount upon the different occupations. The only requirement is that the tax shall be uniform upon all in each classification.

In *S. v. Powell,* 100 N. C., 526, the town of Morganton was authorized to levy privilege taxes of different sums on general occupations, including livery stables, selling sewing machines, etc., and fixing a penalty for carrying on each business without paying the license. This Court held that "A tax is uniform which is the same upon all persons in the same class,".and that it is in the discretion of the taxing power to place different rates of taxation on the different classes, citing *R. R. Tax Cases,* 92 U. S., 575, and *Puitt v. Commissioners,* 94 N. C., 709. *Smith, C. J.,* pointed out that the error in opposing the validity of the taxation consisted "in regarding such tax as imposed *on property,* in which both uniformity and the *ad valorem* principle must be observed. This is not a property tax, but a tax upon an occupation or vocation, and is not less so because the appurtenances to a livery stable necessary in conducting the business may be carriages, horses, and other property. Indeed, these articles, though so used, are still subject to the *ad valorem* assessment as property. As other trades, *purely personal,* without regard to the magnitude of the business carried on, may be subjected to a tax of a fixed sum, we see no reason why those which require the use of property may not be."

On turnpike roads, which are kept up by private enterprise, there is one rate for lighter vehicles and a higher rate for heavier vehicles. There is no reason why the Legislature cannot authorize the county to lay a rate of two cents per 1,000

feet for the use of roads in hauling lumber over them and content itself with exacting no tax upon other conveyances which do less damage and for which the legislative judgment is that the regular road tax was a sufficient return.

In *R. R. v. Reidsville,* 101 N. C., 404, the Court sustained the validity of an ordinance of the town which levied a $50 tax on every railroad running through the town, saying that it was not repugnant to our own Constitution nor to the Constitution of the United States. In *Worth v. R. R.,* 89 N. C., 295, *Smith, C. J.,* said: "The uniform rule to be observed in the exercise of the taxing power seems to be so far applicable to the taxes imposed upon trades, professions, franchises, and incomes as to require no discriminating tax to be imposed upon persons for pursuing the *same vocation, while varying amounts may be assessed upon vocations or employments of different kinds."* It was further added that this principle had been sustained by *Mr. Justice Miller in R. R. Tax Cases,* 92 U. S., 663, which held that it was sufficient "that the rule as to innkeepers be uniform as to all innkeepers, that the rule as to ferries be uniform as to all ferries, and that the rule as to railroad companies be uniform as to all railroad companies."

In *Rosenbaum v. New Bern,* 118 N. C., 92, *Avery, J.,* says: "The law of uniformity does not prohibit the classification by the municipality of dealers in a particular kind of merchandise separately from those whose business it is to sell other articles falling within the same general terms." To the same effect, *Schaul v. Charlotte,* 118 N. C., 733.

In *Lacy v. Packing Co.,* 134 N. C., 572, the subject is fully discussed, and it was held to be well settled that "A tax is uniform when it is equal upon all persons belonging to the prescribed class upon which it is imposed. It has been held that the tax may be different upon a dealer in whiskey by retail and dealer in the same article by wholesale, if uniform as to each class. *Gatlin v. Tarboro,* 78 N. C., 122. On tobacco buyers as a specified class, *S. v. Irvin,* 126 N. C., 989; on hotel keepers as a class, graduated in amount by the gross receipts and exempting those whose yearly receipts are less than $1,000, *Cobb v. Commissioners,* 122 N. C., 307; on the total amount of

purchases by a merchant, in or out of the city, except purchases of farm products from the producer, *S. v. French,* 109 N. C., 722; 26 Am. St., 590; in cities and towns according to population, *S. v. Green,* 126 N. C., 1032; *S. v. Carter,* 129 N. C., 560. In *S. v. Stevenson,* 109 N. C., 734, 26 Am. St., 595, it is said: "It is within the legislative power to define the different classes and to fix the license tax required of each class. All the licensee can demand is that he shall not be taxed at a different rate from others, in the same occupation, as classified by legislative enactment." This is stated as a universal rule. 1 Cooley Taxation (3 Ed.), p. 260. The Court further said in reference to the fourteenth amendment: "It has been repeatedly decided by the Supreme Court of the United States that this section of the Constitution does not forbid the classification of property or persons for the purposes of taxation, but merely compels the equal application of the law to all members of the same class, when the classification is based upon reasonable ground and is not an arbitrary selection," citing numerous cases. The Court also said: "The Legislature is sole judge of what subjects it shall select for taxation (other than property tax, which must be uniform and *ad valorem*), and the exercise of its discretion is not subject to the approval of the judicial department of the State." A very full discussion of the whole matter, concluding as above, will be found in *S. v. Packing Co.,* 110 La., 180.

*Lacy v. Packing Co.* is cited and the above doctrine reiterated by *Hoke, J.,* in *Land Co. v. Smith,* 151 N. C., 75. In *S. v. Holloman,* 139 N. C., 642, the Court sustained a very similar statute to this, except that instead of the tax being levied in proportion to the quantity of lumber hauled, it laid a flat rate of an annual license tax for each cart or vehicle used for hauling lumber, without reference to the quantity in each load or the number of loads made. The Court said (p. 646): "This statute deprives no citizen of any right to use the highway. It does not restrain trade nor is it oppressive. Heavily loaded vehicles cut up and injure the roads, and a reasonable license tax, the proceeds of which are appropriated to repairing the damage thus produced, is exceptionally equitable. The *method for making and keeping in repair the public roads is a matter solely for the legislative department.*"

The tax of two cents per mile per 1,000 feet is reasonable, and is not discriminative simply because it does not include all vehicles.  As is said in *S. v. Holloman, supra*, 646: "This license tax is simply a mode of regulating the use of the public roads and requiring that those desirous of using them for extraordinary purposes, as hauling heavy lumber and logs over the road in unusually heavy vehicles, shall not do so without taking out a license for such unusual and extraordinary and injurious use of the public highway and paying a license for the privilege."  The reports required to be filed monthly of the quantity of lumber hauled is no hardship on defendants.  It is only a method by which the road trustees can ascertain accurately the quantity of lumber hauled by each person engaged in the lumber business and proportion the tax levied accordingly.

The Fourteenth amendment does not require equality in levying taxation by the State, nor does it interfere with the police power.  "How a State shall levy its taxation is a matter solely for its Legislature, subject to such restrictions as the State Constitution throws around legislative action.  If, on the other hand, working the roads by labor is a police regulation or a public duty, certainly it is not a matter of Federal supervision." *S. v. Wheeler*, 141 N. C., 776; Brannon's Fourteenth Amendment, 149, 298, 323, and cases there cited.

The other two sections of the State Constitution prohibiting special privileges and prohibiting the deprivation of life, liberty, and property except by the law of the land, which are referred to in the demurrer, have no application to this case.  The Legislature was within its legitimate powers in prescribing regulations for the maintenance of the public roads of Macon County and in laying a tax upon the use of heavy vehicles for the purpose of raising a fund to repair the damages usually inflicted on the roads by such traffic.

Affirmed.

BROWN, J., dissenting: I would be very glad to sustain the act of the General Assembly in question if I could reconcile it with the principles of taxation embodied in our Constitution.

I recognize the inherent justice and value of such legislation, for it is an admitted fact that lumber companies do use the public roads to a far greater extent than private citizens.

I agreed to the decision in *S. v. Holloman,* 139 N..C., 642, because the statute was framed upon a very different principle from the one under consideration. There is a wide difference between this law and the Hertford County law. The latter applies to all persons, firms, or corporations using the public roads of the township; whereas the Macon County law is confined in its operation to any lumber company, corporation, or person engaged in the lumber business, and levies a tax of two cents per 1,000 feet upon the lumber belonging to such users of the public road. This tax cannot be sustained as an exercise of police power. It does not in any way tend to promote health, peace, morals, and good order of the people. Cooley Constitutional Limitations, 572.

It is not a license tax or regulation tax in any sense. Cooley on Taxation, 408. It is a contract pure and simple for keeping up the public roads, levied solely upon the property of those who happen to be engaged in the lumber business. It does not apply to the private individual who may haul hundreds of thousands of feet of lumber over the same road for his individual benefit.

Nor does it apply to those engaged in hauling as a business brick, clay, coal, or other heavy material over the same road.

The tax cannot be called uniform, because it does not apply to all persons using the public roads, but to a particular class who happen to be engaged in a certain kind of business. I admit that there is certain discretion given to the lawmaking power in regard to legislation affecting the public roads, but it is not an uncontrollable discretion; and when the tax is confined to one particular class of persons and not extended to all alike who use the same road, it cannot be called a regulation, but it is a revenue measure, pure and simple, and inasmuch as it is not uniform and does not bear alike upon all who use the public roads, it violates the uniformity of taxation, which is one of the essential features of our Constitution. Gray's Limitations of Taxing Power, sec. 1450; *S. v. Moore,* 113 N. C., 697.

Mason *v.* R. R.

It is said, however, that this action for the penalty may be sustained because the Legislature has a right to make the defendants report monthly to the road trustees the number of feet of lumber, logs, and other heavy material hauled during the preceding month, in order that the tax of two cents per 1,000 feet may be collected.

It is apparent from reading the statute that this report is simply a part of the machinery for collecting taxes, and inasmuch as the statute must be taken as a whole, if the tax is void for lack of uniformity, then the whole statute falls to the ground.

Mr. Justice Allen concurs in this opinion.