## STATE v. ORREN BULLOCK.

(Filed 3 October, 1912.)

**Roads and Highways—Hauling Timber—License Tax—Uniformity —Constitutional Law.**

> An act which makes it a misdemeanor, punishable by a fine not exceeding $50, for any person or corporation to carry on the business of hauling logs, timber, or lumber over road districts laid out and created in a certain county . without having obtained a license therefor, to be issued by the road commissioners in a prescribed manner, grading the license with reference to the number of horses driven to the wagon used, the money collected to be paid over to the treasurer of the county by the road commissioners, and held to the credit of the district collecting it, is uniform in its application, and not discriminative, and is not repugnant to the State Constitution, Art. V, sec. 3; Art. I, sec. 7; Art. I, sec. 17; and to the fourteenth amendment to the Constitution of the United States. *S. v. Holloman,* 139 N. C., 642; *Dalton v. Brown,* 159 N. C., 175, cited and applied.

APPEAL by defendant from *Cooke, J.,* at April Term, 1912, of NASH.

The defendant was convicted in the Superior Court of Nash County, upon appeal from a justice of the peace, upon a warrant charging that he had carried on the business of hauling logs, etc., without obtaining a license therefor, in violation of the provisions of chapter 451, Laws 1911.

The defendant moved in arrest of judgment, for that the indictment and judgment in this action are based upon a statute which violates the Constitution of North Carolina and the Constitution of the United States, and is invalid. Constitution of North Carolina, Art. V, sec. 3; Art. I, sec. 7; Art. I, sec. 17. Constitution of United States, fourteenth amendment.

The motion was overruled, and the defendant excepted and appealed.

*Attorney-General Bickett and T. H. Calvert for the State.*
*James H. Pou and Murray Allen for defendant.*

ALLEN, J. The statute under which the defendant was convicted (chapter 451 of Public-Local Laws of 1911) reads as follows:

"That it shall be unlawful for any person or corporation to carry on the business of hauling logs, timber, or lumber over the roads of any one of the road districts above laid out and created, without first having obtained a license therefor; and any person or corporation carrying on the business of hauling logs, timber, or lumber as aforesaid, without having first obtained license, shall be guilty of a misdemeanor, and shall be fined not more than $50. Said license shall be issued by the road commissioners of the road district or township over the roads of which the wagon or wagons are driven, and will be signed by the chairman and countersigned by the clerk of said road commission. The license tax which said road commission in each township is to collect is as follows, to wit: for each one-horse wagon, $5 for each year or part of a year; for each two-horse wagon, $10 for each year or part of a year; for each three-horse wagon and four-horse wagon, $15 for each year or part of a year; for each wagon drawn by more than four horses or mules, $20 for each year or part of a year. The money thus collected from license taxes as aforesaid shall be paid over to the treasurer of

the county of Nash by the road commissioner collecting the same, to be held to the credit of the township or road district so collecting. Any district or township in which wagons are operated shall be entitled to collect the license tax without respect to its having been collected by any other township."

If this statute is compared with the one under consideration in *S. v. Holloman,* 139 N. C., 642, and the one in *Dalton v. Brown,* 159 N. C., 175, it will be found to be in all material respects like the one sustained by a unanimous Court in the first, and that it meets the objections of the justices dissenting in the second. In the *Holloman case* the statute was as follows: "That any person, firm, or corporation desiring to use any of the public roads of a township for carrying on his or its business of hauling mill logs or timber or other heavy material with log wagons, log carts, or other heavy vehicles, shall first obtain a license for this purpose from the board of supervisors of the township in which he or they may desire to operate and make use of the roads, by paying an annual license tax of $15 for each wagon or cart or vehicle of the kind above described to be used, which tax shall be paid to the treasurer of the road fund and placed to the credit of the board of supervisors of the township, to be used by the board as other funds for said township. Any person violating this section shall be guilty of a crime and liable to a penalty of $50, to be recovered in an action by the board of supervisors of roads of the township where the offense took place, for the benefit of the road fund of that township," and the Court held the statute constitutional, the only difference between the statute in that case and the one in this being that in one the license was to be paid by any person, corporation, etc., carrying on the business of hauling "logs, timber, or lumber," while in the other it was to be paid by any person, corporation, etc., carrying on the business of hauling "mill logs or timber or *other heavy material.*"

In the case of *Dalton v. Brown* the following statute was approved: "That any lumber company, corporation, person or persons engaged in the lumber business and desiring to use any of the public roads of any of the townships of Macon County for the purpose of carrying on its or their business of hauling,

either by itself or themselves, or by hiring or contracting with other persons, mill logs, lumber, or other heavy material· with log wagons, log carts, or other heavy vehicles, shall pay a license or other privilege tax of two (2) cents per mile on each 1,000 feet of mill· logs, lumber, or other heavy material so hauled."

Two of the justices dissented from the opinion of the Court in the last case, upon the ground that the statute did not apply to all who hauled logs, heavy material, etc., but only to those who were engaged in the lumber business, and that this was a discrimination not permitted by law. The statute before us is not subject to this objection, as it includes any person, corporation, etc., engaged in the business of hauling logs, etc.

We, therefore, hold that the two cases cited are decisive of this, and that there is no error.

No error.